FERTEL *v.* GORDON.

1. BROKERS — COMMISSIONS — WHEN CONDITIONAL AGREEMENT TO PAY BECOMES FIXED.

    Where defendant's agreement to pay $100 a month until he had paid $5,000 as a commission to plaintiff for the sale upon contract of an apartment house was upon the condition that the vendees make their payments to him regularly, and he disposed of his interest in the contract before there had been any default in the payments to him, his liability to pay the commission became fixed, and it is immaterial that the vendees later defaulted in their payments to defendant's assignees, since the condition in the contract was for his own protection and not that of his assignees.[1]

2. SAME — QUESTION FOR JURY.

    Whether a note given by vendees to defendant as part of the purchase price was owned by him or his assignees at the time of the vendees' default, *held*, under the circumstances, a question for the jury.[2]

Error to Wayne; Moynihan (Joseph A.), J. Submitted October 15, 1924. (Docket No. 19.) Decided December 10, 1924.

Assumpsit by Max Fertel against Louis Gordon for commissions on the sale of real estate. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Samuel Shapero* and *Harold M. Shapero,* for appellant.

*Donnelly, Hally, Donnelly & Munro,* for appellee.

BIRD, J.    Plaintiff sued defendant to recover his

[1]Brokers, 9 C. J. § 80 (1926 Anno); [2]Id., 9 C. J. § 129.

commissions on the sale of certain real estate. The trial court, after hearing the evidence, directed a verdict against him, and he assigns error.

Louis Gordon and his wife, Jennie, owned, by land contract, the Claridge apartments, at 117 Henry street, in the city of Detroit. They sold them on land contract to Cass D. Merritt and Harry Trattner, through the efforts of plaintiff, who is a real estate broker. The consideration was $375,000. Fifteen thousand dollars was paid down and the contract provided for monthly payments of $3,300, including interest. In addition to this a note for $6,900 was given, payable within a year.

After the sale was arranged plaintiff and defendant entered into a written contract with reference to plaintiff's compensation for making the sale. The contract provided that Gordon should pay plaintiff $100 a month until he had paid him $5,000, and then the contract proceeds:

"Such payments to be made only and expressly upon the following condition, namely: That if the said Cass D. Merritt and Harry Trattner, or their assigns, shall make their payments to party of the first part as agreed in a certain land contract entered into by and between the said Cass D. Merritt and Harry Trattner and party of the first part, covering the sale and purchase of said premises, and dated the 26th day of March, 1920, with the further condition that if the said Cass D. Merritt and Harry Trattner, or their assigns, shall fail to make any one or all of said payments as agreed in the aforesaid land contract, then this agreement and the terms contained therein shall then and thenceforth be null and void."

Soon after making the sale defendant sold his equity in the land contract to Alvan F. Traxler, and he, in turn, transferred it to the Prudential Realty Mortgage Company. Merritt and Trattner made their monthly payments of $3,300, and also payments on the note of $6,900 regularly as long as defendant, Gordon, owned

the contract, and they made payments regularly of these amounts to defendant's assignee for nearly a year after Gordon sold the contract. During this time Gordon paid plaintiff the monthly allowance of $100. After making payments for upwards of a year on the contract Merritt and Trattner defaulted and failed to pay the Realty Mortgage Company the monthly payment of $3,300, and also failed to pay the balance due on the note of $6,900. When this default took place defendant refused to pay plaintiff his monthly allowance. After five months' commission had accrued plaintiff brought this suit to recover it. The trial court was of opinion that defendant was justified, under the terms of his contract with plaintiff, in refusing to make further payments, and, so thinking, directed a verdict against him.

It is plaintiff's contention, after defendant sold his equity in the land contract to Traxler, that he had no further interest in the apartments, and it was immaterial to his contract whether Merritt and Trattner made their payments to Traxler or the Realty Mortgage Company. In other words, that after defendant sold his contract, plaintiff's right to commissions became fixed, and whether the monthly payments of $3,300 were paid or not would not affect his contract with Gordon.

Defendant took the opposite view of the contract and contends that when Merritt and Trattner failed to pay the Realty Mortgage Company, defendant was no longer bound to pay plaintiff on their contract and that their contract was concluded.

The contract made by the parties provided for a payment of $5,000 to plaintiff as commissions for making a sale of the apartments. The sale as made by plaintiff appears to have been satisfactory to defendant. Defendant obviously desired to protect himself against paying this large commission in the event

the contract was not carried to completion, so they agreed that if Merritt and Trattner, or their assigns, defaulted in their payments, plaintiff should not be entitled to further payments as commissions. In making this provision defendant was trying to protect himself. He was not attempting to protect the assignee of his land contract. If he had he would, doubtless, have used the words "and to his assigns" after the words "shall make their payments to party of the first part." Then the contract would have read "if the said Cass D. Merritt and Harry Trattner, or their assigns, shall make the payments to party of the first part, or *to his assigns,* as agreed in a certain land contract," etc. Had the contract read in this wise defendant's contention would be sound. As was said, defendant was interested only in protecting his own interest, and he assumed, and rightly so, that if he sold the land contract and received his pay therefor, he would not be interested whether the contract was carried to completion. If Merritt and Trattner had paid the entire consideration to Gordon the day after making the contract, the obligation of defendant to plaintiff to pay the entire commission would have become fixed. What different position is Gordon in when he disposes of his land contract to Traxler? After this assignment was made the burden shifted to Traxler to worry over the question whether payments would be regularly made by Merritt and Trattner. We are impressed that plaintiff's construction of this phase of the contract is the proper one.

There is some disagreement between counsel as to whether the balance of the $6,900-note was owned by Gordon or by Gordon's assignee at the time of the default of Merritt and Trattner. This appears to be a question of fact, and as the case must go back for retrial, that question can be submitted to the consideration of a jury.

The failure of the trial court to charge plaintiff's construction of the contract was reversible error. The judgment will be reversed and a new trial granted, with costs to plaintiff.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.