FRANK GODFREY as Trustee for Thomas Metcalf *v.* JOHN
KIDWELL.

MOTION FOR REHEARING.

SUBMITTED MARCH 2, 1904.            DECIDED APRIL 13, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The mere omission to notice in the opinion a certain point submitted
is not good ground for a rehearing if the point was in fact consid-
ered by the court, particularly where its determination is neces-
sarily involved in a determination of the other points which are
referred to.

A rehearing will not be granted on the ground that the petitioner failed
to argue certain points on the hearing.

The rule in equity as to transactions wth "expectant heirs" does not
apply in a case where the grantor's interest had become vested,
accompanied with the right to immediate enjoyment, prior to the
execution of the deed complained of.

In equity cases, on appeal, while the findings of the circuit judge are
given weight and under certain circumstances, especially on pure
issues of fact, would be allowed to control, the Supreme Court
nevertheless is authorized and has always exercised its right and
duty to weigh the evidence and to make its own findings.

OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

For a statement of the case on appeal see *ante,* p. 351. The
complainant now moves for a rehearing on the following
grounds: (1) that said decision of the Supreme Court is in
conflict with former controlling decisions to which the attention

of said Court was not drawn; (2) that questions decisive of the case, and duly submitted by counsel, have been overlooked by the court in said decision; (3) that said decision is based upon mistake or misapprehension of the facts of the case apparent upon the record; (4) that many fraudulent acts, omissions and silence of defendant-appellant as appear of record render said decision against equity; (5) that said decision does not give due weight to the evidence in said cause and is not supported by the facts in the record; (6) that the special circumstances of the case; the fact, as appears of record, that the plaintiff was an ignorant young man without business training or experience, who had just arrived at majority, who was without disinterested or independent legal or other advice in the transaction at issue; that the consideration involved was hardly a fair one; that no error appears in the admission or rejection of testimony, that the cause appears to have been heard fairly and fully in the lower court, and that the judge thereof is the best judge of the evidence and the weight of the evidence and of the credibility of the witnesses; that the appeal in this Supreme Court was decided by a divided bench; and that the cause is one in equity, the policy of which is liberal,—render a petition for rehearing especially reasonable and worthy of favorable consideration.

1. Our attention has not, upon the hearing of this motion, either in the oral or in the written argument, been called to any controlling decision bearing upon any of the questions involved in the case. A number of cases from other jurisdictions not cited on the appeal, are now cited, but, while all are of value, none of them can in any correct sense be regarded as controlling, because, even if for no other reason, the principles declared by them are inapplicable to the facts of this case as we have found them.

2. It is contended that under this head may properly be discussed the court's failure to comment in its written opinion upon the case of *Irick v. Fulton,* 3 Gratt. (Va.) 193. The contention is clearly untenable. An authority cited is not a question submitted, within the meaning of the rule as to rehearings.

Referring, however, to the Virginia case cited and freely quoted from in complainant's brief and considered by us on the appeal, we find nothing in it that can lead to a rehearing. What the court there held was that by a deed which conveyed the *interest* of the grantor but which was "made under the belief of the parties that" the grantor "was entitled only to an undivided interest or share in said property, as one of the children and heirs of said Betty Haveley, the parties only sold and purchased and only intended to sell and purchase, such undivided interest," and that no more passed under the deed. That statement of the law it is unnecessary to question in this case. It does not apply to the facts as we have found them. Our finding was that the deed was not executed under a mistake as to the facts on the part of either party,—that while both doubtless supposed that in all probability the grantor's interest would prove to be not more than one half, still they speculated, knowing the deed to be operative to convey *all* the grantor's interest, whatever it might be, and took their chances as to all over as well as to all under one half.

It is difficult to ascertain from the oral argument or from the brief for complainant what other questions, if any, are claimed to have been submitted to and overlooked by the court. The following, perhaps, were intended to be made the subject of such claim: that there was a mutual mistake of fact and, hereunder, that Kidwell's alleged admissions in certain pleadings and other documents in two former cases in which he was a party show, any testimony of his to the contrary notwithstanding, that he believed at the time he received the deed that the grantor's interest was not more than one half and understood that that was all that the deed conveyed to him; that even where the mistake is that of one party only, without knowledge of such mistake and without fraud on the part of the other, equity may, under the peculiar circumstances of the case, grant relief; that while no one circumstance, as, for example, youth, inexperience, want of independent advice, ignorance of material facts, or inadequacy of consideration, may of itself be sufficient, per-

haps, to justify relief, still, when taken together, they are sufficient to require the intervention of equity. The first is a pure question of fact and was very carefully considered by the court on the appeal,—the court was divided on its conclusion upon the point. The second and third involve familiar rules of law, sought to be applied, however, by the complainant to a state of facts which the court found not to exist. All of the circumstances referred to, as well as the two rules of law, were considered by the court, whether they are expressly referred to in the prevailing opinions or not. Both points are by necessary implication, if not otherwise, disposed of by the decision. Moreover, the mere omission to touch upon a material point in the written opinion is not a good ground for a rehearing, provided the point was in fact considered by the court.

For the complainant the following contentions, also, are made and argued at length: (1) that even if there was not a mutual mistake of fact, there was at least such a mistake on one side and fraud (willful concealment of a material fact) on the other, or mistake on one side "accompanied by circumstances such as appeal peculiarly to a court of equity"; (2) that the evidence shows inadequacy of consideration so gross as to constitute *per se* ground for granting relief; (4) that the transaction was with an "expectant heir" and that, therefore, "mere inadequacy of price or compensation is sufficient to set aside the contract." It is claimed that the court's attention has not been hitherto drawn to any of these points. If this is so, the court's failure, if any, to consider them, is not ground for a rehearing. In such case, they would simply be mere arguments based upon the same facts shown or claimed to be shown by the evidence. Counsel's failure, if any, to advance them at the original hearing could not be taken advantage of to secure a further hearing. To hold otherwise would be to encourage the presentation of cases piecemeal. It may be added that with the exception of the fourth all of the points were presented in substance on the appeal, although not as elaborately as by present counsel, and were considered and disposed of by the findings and reasoning of the

court. The fourth point is new and is, apparently, that upon which the greatest reliance is placed. The rule contended for is that equity will set aside transactions in which expectant heirs have dealt with their expectations, when the court is satisfied that they have not been adequately protected against the pressure put upon them by their poverty; that mere inadequacy of price will entitle an expectant heir to set aside (on terms) the sale of a reversion; and that the purchaser is bound to establish the fact that the transaction was fair and the consideration given sufficient. *O'Rorke v. Bolingbroke,* L. R. 2 App. Cs. 814. The doctrine applies also to "reversioners and remaindermen, dealing with property already vested in them, but of which the enjoyment is future."—1 Story's Eq. Jur. §337. The rule does not apply in the case at bar, if for no other reason, because Thomas Metcalf was not an "expectant heir" at the date of the deed. The life-tenant, Frank Metcalf, had died prior to that time and not only had Thomas' interest become vested but he had the right to immediate enjoyment. He had then no "expectations" that had not been realized. All of this seems to be conceded by counsel for the complainant, but it is attempted to be met by the argument that "in the minds of the parties the vendor was without question, admittedly, an 'expectant'." This may be ingenious but it cannot bring the case within the rule. The principle and policy of the rule are at least open to doubt and a statute was long ago passed in England, where the doctrine originated, restricting its operation to a certain extent. The rule should certainly not be extended to cases not within its recognized limits.

3, 4 and 5. Under these heads the whole case has been practically reargued in all its possible phases as though a rehearing had been granted. Whether or not such reargument should be had is the precise point under consideration. Except as above stated, all of the issues of fact and of law suggested were fully considered by the court on the appeal. After a careful consideration of the elaborate arguments now presented we find no rea-

son for holding that manifest injustice has been done or for desiring a reargument.

6. The only additional ground urged is that this court did not give due weight to the decision of the circuit judge, and that "an appellate court sits, not to do original justice between the parties, but to determine whether the court below committed manifest and injurious error in its decree." That is not the rule in this jurisdiction. Equity cases come to this court, not on exceptions, but on general appeal, and while the findings of the circuit judge are given weight and under certain circumstances, especially on pure issues of fact, would be allowed to control, because he had the advantage of personally seeing and hearing the witnesses, this court nevertheless is authorized and has always exercised its right and duty to weigh the evidence and to make its own findings. See *Cha Fook et al. v. Lau Piu et al.,* 10 Haw. 308, 312, and *Tax Assessment Appeals,* 11 Haw. 235, 236. The court considered the question of the weight to be given the findings of the circuit judge in this case and was of the opinion that the circumstances were such as not to make them controlling.

The motion is denied.

*W. A. Whiting* and *C. F. Clemons* for complainant.

*Robertson & Wilder* for respondents.

### DISSENTING OPINION OF GALBRAITH, J.

The grounds for the motion and the authorities cited in support thereof confirm my opinion that the decision of the majority of the court in this cause was and is erroneous. This opinion and the reasons therefor, set out *ante,* pp. 357, 358, 359, 360 and 361, are sufficient justification for my favoring a rehearing of the cause.