The judgment is therefore affirmed.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* CRAFT.

Opinion delivered December 7, 1914.

1. APPEALS—ABSTRACTING TESTIMONY—PRACTICE IN THE SUPREME COURT. —A motion to dismiss appellant's appeal for failure to file abstract will be overruled, where in a personal injury action, defendant admits its negligence and did not abstract the evidence on that issue.

2. RAILROADS—FEDERAL EMPLOYERS' LIABILITY ACT—RECOVERY FOR PECU-NIARY LOSS, AND FOR PAIN AND SUFFERING.—Under the Federal Employer's Liability Act, as amended April 5, 1910, the administrator of an employee killed by a railroad may recover both pecuniary

loss to the next of kin and for pain and suffering endured by the deceased.

3. NEGLIGENCE—INJURY BY RAILROAD—CONSCIOUS SUFFERING.—In an action for damages for conscious suffering of plaintiff's decedent, who was an employee of defendant railroad company and was injured by the operation of a freight car, the evidence held sufficient to sustain a verdict.

4. DAMAGES—WRONGFUL DEATH—CONSCIOUS SUFFERING.—Where the evidence shows that deceased, who was killed by the negligent operation of a freight car, underwent severe suffering before death, the amount of damages, while a question for the jury, will depend on the peculiar facts in the case, and, *held*, under the facts, a judgment for eleven thousand dollars will be reduced to five thousand dollars.

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; modified and affirmed.

*E. B. Kinsworthy, Campbell & Suits* and *T. D. Crawford,* for appellant.

1. The evidence is not sufficient to prove any conscious suffering on the part of the deceased. No witness testified when he died, nor any who testified that he was conscious after the injury. The low groans and muscular movements observed by witnesses were mere incidents of the death. From the character of the injuries, the car wheel having passed over his body and crushed the lower part of his abdomen, it is not a reasonable inference that he was conscious, and mere conjecture can not supply the necessity of proof of conscious suffering. This being a case under the Federal statute, the ruling in *The Corsair,* 145 U. S. 335, should be followed. See, also, 161 S. W. 1136; 43 L. R. A. 568; Tiffany, Death by Wrongful Act, § 74; 8 Cush. 108; 125 Mass. 90, 28 Am. Rep. 214; 134 Mass. 499; 68 Ark. 1; 145 Mass. 335; 1 Am. St. 458; 108 Ark. 396.

2. There is no proof of consciousness for any length of time after the injury. The verdict is manifestly excessive. 84 Ark. 241; 90 Ark. 136; 102 Ark. 417; 103 Ark. 361; 165 S. W. 627; 70 Fed. 270.

3. The statute does not permit two recoveries. In adopting the amendment of 1910, Congress intended to

provide for survival of the employee's right of action, which is a different liability from that provided by the death act. In providing that "there shall be only one recovery for the same injury," Congress recognized that otherwise two separate actions might be brought in case of the wrongful death of an employee, viz., one under the death act, and one under the survival act. Act April 22, 1908, § 1, as amended April 5, 1910, § 9; 227 U. S. 68. The survival act in many States applies only to cases where death was not instantaneous and the death act to cases of instantaneous death. 88 Me. 42; 15 L. R. A. (N. S.) 1003; 128 Mich. 444; 3 S. D. 369; 117 Mich. 329; 43 L. R. A. 574; 106 Ill. 131; 119 *Id.* 586; 34 L. R. A. 797; 18 Kan. 46; 58 *Id.* 475; 34 Fed. 510; 12 Bush (Ky.) 144; 98 Ky. 700; 138 *Id.* 704; 86 *Id.* 389. Notwithstanding the divergent views of the State courts as above cited *all agree that there can only be one action for damages caused by wrongful act.* Two actions can not be sustained for the same injury. 193 Pa. St. 30; 25 Utah 263; 106 Ill. App. 641; 86 Cal. 142; 84 *Id.* 515; 34 Conn. 57; 21 Ore. 239; 64 Vt. 652; 89 N. Y. 24; 96 Am. St. 154; 139 Cal. 480.

There are cases which hold that two separate actions may be brought, one by the administrator for the benefit of the estate, and the other for the widow and next of kin. 155 Mass. 344; 53 Ark. 117; 14 L. R. A. (N. S.) 893; 8 *Id.* 384. But *"nemo debet bis vexari pro und et eadem causa."* 1892 A. C. 576; 10 U. S. App. 339; 52 Fed. 371; 98 Ky. 385; 67 N. Y. 417; 193 Pa. St. 339; 74 Am. St. 690; 88 Me. 42, etc.

*Jones & Campbell,* for appellee.

1. The judgment should be affirmed for noncompliance with rule 9, in that the purported abstract filed by appellant does not pretend to be an abstract or abridgement of the transcript, contains no abstract of the pleadings, only a small part of the evidence, make no references to the transcript nor to the pages thereof. It omits the instructions given and refused, does not show that a motion for a new trial was filed in time, nor that it as-

signed as error the grounds contended for here, nor that a bill of exceptions was filed, etc. 91 Ark. 381; 103 Ark. 430; 99 Ark. 241; 105 Ark. 63; *Id.* 290; 57 Ark. 104; 58 Ark. 148; 76 Ark. 138; 101 Ark. 207; 92 Ark. 213; 100 Ark. 552; 102 Ark. 95; 78 Ark. 374; 86 Ark. 570; 90 Ark. 230; 104 Ark. 375; 95 Ark. 593.

2. This court will not consider issues raised here for the first time. 95 Ark. 593; 102 S. W. 376; 101 Ark. 95.

3. Appellant not having moved in the lower court to dismiss for misjoinder of causes of action it can not now raise the issue of two causes of action. Kirby's Dig., §§ 6081, 6082; 105 Ark. 290.

4. Appellant will not be permitted to shift the theory on which the case was tried below and split the appeal. 101 Ark. 95; 80 Ark. 65; 83 Ark. 575; 53 Ark. 514; 106 Ark. 421; 2 Standard Enc. of Procedure, 143.

5. The question of lack of proof of conscious suffering is not before the court. So far as the abstract shows appellant did not allege as one of the grounds for a new trial that there was not evidence to support a finding of conscious pain and suffering. 91 Ark. 484.

6. There was sufficient evidence to support a verdict for pain and suffering.

Counsel's contention that the ruling of the Federal courts, particularly in *The Corsair,* should apply to the exclusion of the rulings of the State court, is unsound. A determination of this issue does not involve a construction of the Federal statute. It is purely a question of evidence, and the rules of evidence of this court alone, govern. 39 L. R. A. 428. And this court will give the evidence its strongest probative force in favor of the verdict. 97 Ark. 486; 87 Ark. 100; 97 Ark. 438. If there is evidence to sustain the verdict, the jury's finding is conclusive. 95 Ark. 172; 104 Ark. 162. See, also, 59 Ark. 215; 84 Ark. 245.

7. The verdict was not excessive. 76 Ark. 193; 62 Ark. 329; 42 Ark. 527; 75 Ark. 326; 65 Ark. 628.

HART, J. J. T. Craft, as administrator of the estate of Tom Craft, deceased, sued the St. Louis, Iron Moun-

tain & Southern Railway Company under the Federal Employers' Liability Act for damages for personal injuries sustained by the decedent which resulted in his death.

On the 16th day of February, 1913, plaintiff's decedent, while a brakeman in the employment of the defendant railway company, was negligently run over in the night time by a coal car. He lived for something over thirty minutes, and suffered great agony. At the time he was injured he was twenty-three years of age and made material contributions to the support of his father, J. T. Craft. The jury found for the plaintiff in the sum of $11,000 as damages for decedent's pain and suffering, and $1,000 as damages for contributions to his father. Judgment was entered upon the verdict and defendant has appealed from so much of the judgment of the circuit court as awarded to the plaintiff the sum of $11,000 for pain and suffering.

(1) A motion has been made by counsel for plaintiff to dismiss the appeal because the defendant has failed to file an abstract in compliance with the rules of this court. Counsel for the defendant concede defendant's negligence and for that reason state that they did not file an abstract on that point. They make no complaint as to the verdict for contributions to the father of decedent and only ask that the judgment be reversed insofar as plaintiff recovered for decedent's pain and suffering. They have abstracted the testimony on this point, and the correctness of the verdict and judgment in this respect being the only issue raised by the appeal, we are of the opinion that plaintiff's motion to dismiss for noncompliance with rule 9 of this court should be denied.

(2) It is contended by counsel for the defendant that under the Federal Employers' Liability Act, as amended on April 5, 1910, the plaintiff is not permitted to recover both for pecuniary loss to the next of kin and for pain and suffering endured by the decedent. It may be said in the first place that we have decided adversely to defendant's contention in the case of *St. Louis & S. F.*

*Rd. Co.* v. *Conarty,* 106 Ark. 421, and in the case of *Kansas City So. Ry. Co.* v. *Leslie,* 167 S. W. 83, 112 Ark. 305.

We adhere to the decisions there given for the reasons stated in those opinions, and it would be useless to enter again into a discussion of the subject. Moreover, the defendant has only appealed from that part of the judgment which permitted a recovery for decedent's pain and suffering, and is in no attitude to complain of an issue not raised by the appeal. No doubt any dissatisfaction that the defendant felt on account of the action in behalf of the next of kin was assuaged by the verdict of the jury, and, not having taken an appeal from that part of the judgment, it is now in no attitude to complain of it.

It is, however, earnestly insisted by counsel for the defendant that there is no evidence which would warrant a verdict against it for pain and suffering. We do not agree with them in that contention. The deceased was run over, in the night time, by a coal car of the defendant, and was found lying face downward between the rails. The car at the time it struck decedent was only going at a moderate rate of speed, and did not entirely pass over his body. Other employees of the defendant heard him cry out when the car struck him, and immediately went to where he was. The car had pinned his body down between the rails, and it was first necessary to raise it off his body. Decedent could not even then be removed from under the car until it had been pushed forward several feet. All this required about fifteen minutes' time and fifteen minutes more elapsed before the ambulance arrived and decedent was then sent to the hospital. At what time he died is not certain, but it is certain that he was alive when they started to the hospital, and that this was a period of thirty minutes after he had been struck by the car. His body was badly mangled and his intestines lacerated, and very much swollen. All of the witnesses say that he was groaning during all the time they were trying to remove his body from under the car and until he was carried away in the ambulance. One of the witnesses stated that when he took hold of the decedent

and tried to remove him from under the car, the decedent would move his arms, and also tried to move his body. His companions spoke to him, but he did not answer them.

(3)   Under the circumstances we are of the opinion that the jury were warranted in finding that the decedent suffered conscious pain.   It is true he never spoke to his companions, but it must be remembered that while he was under the car and during the time they were trying to speak to him he was lying face downward, one wheel of the car resting on his body.   One of his companions tried to raise him up, and he moved his arm and tried to move his body.   We think the jury were warranted in inferring from these facts that he was conscious, and was doing all in his power to assist his companions in getting him out from under the car.

It is next contended by counsel for the defendant that a verdict for $11,000 was excessive, and in this respect we think their contention is correct.   In the case of *Aluminum Company of North America* v. *Ramsey,* 89 Ark. 522, we said:   "It has been frequently said that it is difficult to find a measure of damages for pain, for the obvious reason that none would be an acceptable inducement to suffer it; but when it has occurred, the compensation as such must be considered upon a reasonable basis of estimate.   Under our system of jurisprudence, the amount of damages must be left largely to the reasonable discretion of the jury.   Again, we may say, it has been repeatedly held that they may not give any amount they please."   Though there should be some similarity in the award of damages for like injuries, still there is no exact rule for the measurement of damages, and the facts of each case must be the basis on which the amount is predicated.   If decedent suffered conscious pain (and we have already said that the jury were warranted in finding that he did), it is almost impossible to describe the terrible injuries which he sustained and the untold agony and suffering which he endured.   We have never intended to fix by rule specific sums for different degrees and variations of anguish and suffering.   Each case must be de-

cided on its own merits with a due regard to the observance of reasonable uniformity, taking into consideration the peculiar facts in the case.

(4) In the case before us after the decedent was struck by the car, he was compelled to lie face downward for the space of fifteen minutes, and for part of that time a wheel of the car rested upon his body. His suffering was doubtless greatly increased because he could not know how long it would be before he could be removed from under the car and how long it would be before surgical relief could be provided for him. Each additional minute of delay under the circumstances added to the horrors of his situation, and he must have suffered almost indescribable agony of mind and body. His body was mangled and his intestines were lacerated and swollen. It is evident that he suffered indescribable anguish, and we are of the opinion that the jury were warranted in finding that he continued to suffer such anguish at least until he had been conveyed a part of the way to the hospital. Thus it will be seen that his suffering continued for more than thirty minutes and while we think that the sum of $11,000 was too large an amount to be awarded, we are of the opinion that plaintiff was entitled to recover the sum of $5,000 on that account.

Therefore, the judgment will be reduced to $5,000, and for that amount will be affirmed.