STONE *v.* SINCLAIR REFINING CO.

DEATH—SURVIVAL ACT—PAIN AND SUFFERING—EXCESSIVE VERDICT.
    In an action under the survival act for the pain and suffer-
    ing of plaintiff's decedent during the four hours which
    she lived following an explosion of gasoline caused by
    defendant's negligence, a verdict of $8,000 is *held*, ex-
    cessive, on review, and reduced to $4,000 or new trial
    granted.[1]

Error to Muskegon; Vanderwerp (John), J.    Sub-
mitted January 23, 1925.    (Docket No. 71.)    De-
cided April 3, 1925.

Case by Clark Stone, administrator of the estate
of Esther Stone, deceased, against the Sinclair Refin-
ing Company for the negligent killing of plaintiff's
decedent.    Judgment for plaintiff.    Defendant brings
error.    Affirmed, conditionally.

*Cross, Foote & Sessions,* for appellant.

*Carpenter & Jackson,* for appellee.

WIEST, J.    The law governing this case was settled
in *Stone* v. *Sinclair Refining Co.,* 225 Mich. 344, and
*Stone* v. *Sinclair Refining Co.,* 229 Mich. 103.    The
facts will be found fully stated in those cases, and
need not be repeated here beyond saying that this
action was brought under the survival act by the
administrator of the estate of Esther Stone, deceased,
to recover compensation for pain and suffering ex-
perienced by decedent during the four hours she lived
after she received burns and injuries in an explosion
of gasoline.    Mrs. Stone was horribly burned, suffered
intense physical pain and was aware she must die.

[1]Death, 17 C. J. § 235.
    On excessive or inadequate damages for personal injuries
resulting in death, see note in L. R. A. 1916C, 820.

The verdict of the jury determined defendant's liability, and was supported by, and not against the weight of evidence.   Plaintiff had verdict and judgment thereon for $8,000, and defendant, by writ of error and appropriate intermediate proceedings, presents the point that the verdict is excessive.

We think the verdict excessive, in the sense of a pecuniary measurement in a judicial proceeding.   We recognize the delicacy attending the measuring of a money compensation for pain and suffering arising from injuries, but it must be done, and, when done, the amount must be within reason.   No sum of money could be set against her suffering and be said to pay for it; neither does the law attempt to reach any such impossible composition.   The law does not admit of an award beyond such a reasonable sum, considering the nature and extent of the injuries, the suffering occasioned thereby, and the duration thereof, as will approximate a pecuniary satisfaction.   This action involves only the pain and suffering of Mrs. Stone for four hours.   The circuit judge repeatedly so instructed the jury.   An anæsthetic was administered to alleviate her suffering, but she was not rendered unconscious thereby, being able to recognize and talk with her husband and others, make inquiry about the children, answer questions and realize she was about to die.   This consciousness obviates the fault found with the instruction given the jury, relative to consideration of whether Mrs. Stone was conscious or unconscious, and mentioned in *Stone* v. *Sinclair Refining Co.,* 229 Mich. 103.

Upon the question of whether damages for pain and suffering are excessive, cases found in the books are of little help, for no two cases are alike in the nature and extent of injuries received and suffering experienced.   Such cases disclose only the trend of judicial opinion upon the subject.   This court has repeatedly determined verdicts in personal injury

cases excessive, noted the excess and afforded opportunity to remit or submit to reversal.   See *Swaczyk* v. *Detroit Edison Co.*, 207 Mich. 494; *Ignaszak* v. *McCray Refrigerator Co.*, 221 Mich. 10.

In *St. Louis, etc., R. Co.* v. *Craft*, 115 Ark. 483 (171 S. W. 1185, L. R. A. 1916C, 817), an injured man lived half an hour, a jury awarded $11,000 for pain and suffering, and the court reduced the award to $5,000.    In *St. Louis, etc., R. Co.* v. *Hesterly*, 98 Ark. 240 (135 S. W. 874), the deceased's legs were both mashed off through the knees, and no physician administered to him for an hour and a half thereafter, and he lived for five hours, suffered great pain, at least before the arrival of the physician; and the testimony showed that he suffered great anguish of mind about approaching death and continually begged those present to pray for him.    A verdict for $10,000, for pain and mental anguish, was held excessive and required a reversal unless reduced to $5,000.    In *Thompson* v. *Railway Co.*, 71 Wash. 436 (128 Pac. 1070), an award of $10,000 for pain and suffering for nine months, ending in death, was reduced to $7,000. In *Mattise* v. *Consumers' Ice Manfg. Co.*, 46 La. Ann. 1535 (16 South. 400, 49 Am. St. Rep. 356), injuries occasioned by a boiler explosion caused death in twelve hours and a $2,500 judgment for pain and suffering was reduced to $1,000.    In *Towns* v. *Railroad Co.*, 37 La. Ann. 630 (55 Am. Rep. 508), suffering was for four hours and a judgment for $1,000 was not disturbed.

We have called attention to these cases, and might cite others, not to show any fixed rule employed, but of method, intended to eliminate from verdicts all reflection of resentment, sympathy, passion; prejudice and sense of horror.    Assessment of damages for pain and suffering demands calm calculation, to some extent a heartless computation, and the feelings must

be held in check, in order to arrive at a reasonable money award.

If plaintiff, by remittitur filed within ten days, reduces the judgment to $4,000, it will stand affirmed at that amount, otherwise reversed and a new trial granted.     In either event defendant will recover costs.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.     CLARK, J., did not sit.