HONOLULU IRON WORKS COMPANY AND THEO.
H. DAVIES & COMPANY, LIMITED, *v.* LYMAN
H. BIGELOW, CHAIRMAN OF THE BOARD OF
HARBOR COMMISSIONERS OF THE TERRI-
TORY OF HAWAII, ET AL.

No. 2194.

FILED NOVEMBER 1, 1935.                    DECIDED NOVEMBER 13, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE BROOKS IN
PLACE OF BANKS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

*Per Curiam.* The thesis of the surety's petition for a rehearing is waiver by the board of harbor commissioners of the covenants and conditions of the contract and specifications in respect to payment for all labor and material and to retained percentages and final payment and has for its basis the assumption that the provision of the contract and specifications for withholding retained percentages was optional; that the requirement of evidence of payment was merely a condition precedent to the right of the contractor to demand final payment and that by interpleading the parties to the suit these covenants and conditions, being solely for its benefit, were waived by the board and the discretion of the court substituted for its sole discretion in the premises.

While the provision of the specifications permitting the board, upon failure of the contractor to furnish evidence of payment of labor and materialmen, to retain such amount as might be necessary to meet their claims, does not expressly authorize the payment to the contractor of moneys due him in excess of the amount as may be necessary to meet such claims, there is the clear implication that this may be done, and to that extent the provision

may be considered optional. But where, as here, the amount due from the Territory is less than the aggregate claims of unpaid labor and materialmen no option exists and the inhibitions of the specifications apply.

The surety fails to distinguish between the provisions of a contract solely for the protection of a party thereto and those for the dual protection of a party to the contract and a third party. The covenants and conditions referred to were for the protection of both the board of harbor commissioners and labor and materialmen. After final settlement and the reimbursement of the surety of the cost necessarily incurred by it in completing the work these provisions remained for the protection of unpaid labor and materialmen. Whether the board could legally have waived subsisting covenants and conditions of the contract and specifications, inserted for the protection of labor and materialmen, upon the faith of which the latter had acted to their detriment is extremely doubtful. But assuming, arguendo, that it could, no waiver appears. Neither by waiving its election to withhold the fund on condition that it be applied to those legally entitled thereto under the terms and provisions of the contract and specifications nor by interpleading the parties to the suit did the board waive these provisions to the extent that they apply to unpaid labor and material. On the contrary waiver of its election to withhold the fund on the condition named and interpleader of the parties to the suit were consistent with its recognition of the protection afforded labor and material under the contract and specifications and its insistence that the fund be applied in payment of their claims. No discretion was exercised by it other than its waiver of its election to withhold the fund upon the condition named. Nor did it commit any discretion to the circuit judge. By interpleading the parties to the suit, including labor and materialmen, it committed

to the court the judicial determination of their respective rights under and in accordance with the covenants and conditions of the contract to the extent that they respectively applied to them.

This claim of waiver was not advanced by the surety upon the original hearing. Ordinarily an aggrieved party cannot advance as a ground of rehearing a point not advanced by him on the original hearing. Presentation of cases piecemeal is not to be encouraged. *Godfrey* v. *Kidwell,* 15 Haw. 526, 529.

We find the petition for rehearing without merit and hence the same is denied without argument under the rule.