YOU GOO HO, ALSO KNOWN AS MRS. HO TI YUEN v. SAMUEL L. YEE AND EDMUND T. K. ING.

No. 4020.

FILED JUNE 17, 1959. DECIDED JUNE 25, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellant has filed a petition for rehearing in this cause solely on the ground that this court failed to consider the question of causation.

In his statement of questions involved in this appeal, appellant set forth the following three questions: first, whether the doctrine of *res ipsa loquitur* applied to this case; second, whether the circuit court properly instructed the jury regarding appellant's duty as to the frequency of his visits to appellee and as to informing appellee that a piece of catheter remained in her body; and, third, whether the court properly denied appellant's motion for a directed verdict.

The question of causation is not included in, nor is it necessarily suggested by, the first two questions. In his specification of errors, appellant alleged that the circuit court erred in giving instructions Nos. 9, 12, 20, 21, 24, 26, 28, 29, 30, 33, 35A, 58, 59 and 60, requested by appellee, and in refusing to give the instruction for a directed verdict requested by him. All of the mentioned instructions requested by appellee covered different aspects of the question of negligence. None dealt with the question of causation. This court ordinarily will not consider any point which is not set forth in, or is necessarily suggested by, the statement of questions

involved in the appeal. (Rules of the Supreme Court, Rule 3[b] [3].)

A motion for a directed verdict may include the question of causation. But on this appeal, appellant is precluded from asserting that his motion for a directed verdict included that question. Rule 50(a) of Hawaii Rules of Civil Procedure provides that "A motion for a directed verdict shall state the specific grounds therefor." Appellant moved for a directed verdict at the close of appellee's case in chief and again at the end of the trial. The argument of appellant's counsel on the motion covers 12 pages of the transcript. In those 12 pages not a word appears on the question of causation.

This case is similar to *Stilwell* v. *Hertz Driveurself Stations,* 174 F. (2d) 714. In that case, appellant contended in the appellate court that the trial court erred in denying its motion for a directed verdict because there was evidence that the claim was barred by the applicable statute of limitations. In rejecting the contention, the court stated: "Undoubtedly, the defendant had, in the statute of limitations, a good defense to a substantial portion of Roche's claim. Although the applicable statute was pleaded in defendant's answer, it cannot prevail on this appeal; not merely did defendant fail to include that defense as a ground for its motion for directed verdict, but it further failed to request the court below to instruct the jury on the matter, and did not object to the omission from the charge of any reference to the statute."

In this case, the instructions on causation that were given to the jury were instructions Nos. 37 and 38. Both instructions were requested by appellee and both were given by agreement. Instruction No. 37 reads as follows: "You are instructed that the proximate cause of an injury is that cause which, in the natural and continuous sequence, unbroken by any intervening efficient cause, produces the injury, and without which the result would not have occurred. It is the efficient cause, the one that necessarily sets in operation the factors that accomplish the injury. This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstances, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work

concurrently as the efficient cause of any injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause"; and instruction No. 38 reads as follows: "You are instructed that it is not necessary for the Plaintiff to demonstrate conclusively and beyond a possibility of doubt that the alleged negligence resulted in injury. It is only necessary that she show a chain of circumstances from which the ultimate fact required to be established is reasonably and naturally inferable." Appellant did not ask the court to give any instruction framed on the theory which he advanced for the first time in his reply brief and which he reiterates in his petition for rehearing.

The verdict of the jury is in accordance with the evidence and the instructions of the court. The pertinent instructions, besides the two quoted in the preceding paragraph, are instructions Nos. 3, 43, 44, 44A and 52, requested by appellee. Instructions Nos. 3, 43 and 52 were given by agreement. Instructions Nos. 44 and 44A were given over appellant's objection. However, in his specification of errors, appellant did not allege that the circuit court erred in giving those instructions. It is provided in rule 3(b)(4) of the rules of this court that "When the error alleged is the charge of the court, the specification shall set out the part referred to *totidem verbis*, whether it be in instructions given or in instructions refused, together with the objections urged at the trial."

The circuit court instructed the jury: under instruction No. 3, that "There is no limitation in courts of justice that prevents you from applying to the facts and circumstances in evidence just the same rules of good common sense; subject always, of course, to a conscientious exercise of that common sense, that you would apply to any other subject that came under your consideration and that demanded your judgment"; under instruction No. 43, that "laymen can testify as to things or facts in connection with bodily injuries or conditions which a layman as distinguished from a man of science is capable of observing"; under instruction No. 44, that "you may award her such damages, within the amount claimed, as, in your opinion, will compensate her for the pecuniary damage as proved to have been sustained by her and proximately caused her by the wrong complained of" and that "in estimating the amount of such damages, you may consider the physical and mental pain

suffered, if any, the nature, extent and severity of her injury or injuries, if any, the extent, degree and character of suffering, mental and physical, if any, its duration and its severity"; under instruction No. 44A, that "The law includes within the term mental suffering the following elements: anxiety and worry"; and under instruction No. 52, that "the law prescribes no measure by which general damages can be estimated, but leaves it to the sole discretion of the jury to fix the amount thereof in such sum as, under all the circumstances, may be deemed just and proper."

The undisputed evidence in the case is that appellant suffered constant pain in the area where the catheter was inserted, spent sleepless nights, and was in a state of anxiety until the broken piece extruded.

The petition for rehearing is denied.

*J. Garner Anthony* (*Robertson, Castle & Anthony*) for the petition.

---

### DISSENT OF RICE, C. J.

The foregoing *"Per Curiam"* is by a majority of the Court but I do not concur therein and dissent therefrom for the same reasons stated in my dissent to the original opinion in the case.