STATE OF HAWAII *v.* KAHUA RANCH, LIMITED.

No. 4211.

MARCH 31, 1964.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, JJ., CIRCUIT JUDGE JAMIESON, IN PLACE OF LEWIS, J., DISQUALIFIED, AND CIRCUIT JUDGE HAWKINS, IN PLACE OF MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY WIRTZ, J.

By decision dated July 1, 1963, in 47 Haw. 28, 384 P.2d 581, this court, after holding that reformation of the public lease in question would not lie, concluded by stating: "Reversed and remanded for entry of judgment for defendant, dismissing the bill for reformation."

A petition for rehearing was filed on July 11, 1963, and after consideration of the reply to the petition this court by decision and order dated November 15, 1963, *ante* page 297, granted the rehearing. The petition seeks "an amendment of the decision entered herein to allow the court below to pass upon defendant-appellant's counterclaim which was not previously ruled upon by the court below due to its decision in favor of the plaintiff-appellee."

For purposes of better understanding it is advisable to consider the pleadings in the record of the court below. To the bill for reformation filed by the State, the defendant, in addition to its answer, filed a counterclaim with two counts. By the first count defendant sought a declaration of its rights to the water involved in the litigation and under count two defendant sought damages on the theory that the plaintiff had withheld water which had been sold to the defendant under the lease in question. The State in its answer to the counterclaim denied the allegations of count one and as to count two admitted that it had withheld this water but denied that its action in so doing was wrongful. At the close of the State's opening statement, defendant moved to dismiss the action on the basis of the admission that the public lease sought to be reformed had been let pursuant to a published notice of sale and public auction.

After the trial the court below entered its judgment granting reformation of the public lease as prayed for while denying defendant's motion to dismiss the bill for reformation and defendant's counterclaim as well.

In appealing from this judgment the defendant specified three errors in its brief of which only the first is material to this court's decision of July 1, 1963, and this rehearing, namely:

"1. The Court below erred as a matter of law in *permitting reformation* of a lease of public lands let pursuant to statute at public auction when no question of fraud or misrepresentation was raised." (Emphasis added.)

In connection with this specification of error defendant in its brief posed as the question involved the following:

"1. Can a lease of public lands let at public auction pursuant to statute be reformed in the absence of fraud or misrepresentation?"

Nowhere in the briefs is there any specific mention of the trial court's ruling under the judgment in denying the counterclaim. Nor was this point mentioned in oral argument. The only possible reference to the court's action as to the counterclaim is found in the concluding paragraphs of defendant's opening and reply briefs. In the opening brief defendant concluded: "For the reasons above, the judgment below should be reversed and the cause remanded for further proceedings," and in the reply brief the defendant concluded: "In these circumstances, we submit the judgment below should be reversed for further proceedings consistent with the order of this Court." Defendant contends that these requests for a remand for further proceedings cover by inference further proceedings in connection with the counterclaim.

The issue presented in this rehearing is simply whether the scope of the appeal under the foregoing specification of error and question involved embraced and included the ruling of the court below denying the counterclaim.

Rules 3 (b) (3) and (4) of the Rules of this Court require briefs on appeal to present a concise statement

of the questions involved and the manner in which they are raised as well as separate and particular specification of each error relied upon. Rule 3 (b) (3) contains the admonition that "[ordinarily] no point will be considered which is not thus set forth in or *necessarily suggested* by the statement of questions involved." (Emphasis added.)

This court in *Watumull* v. *Tax Commissioner*, 34 Haw. 84, in dismissing the appeal for want of any specification of error dealt specifically with Rule 3 (b) and noted that although strict compliance with the rule was not required a substantial and reasonable observance thereof was necessary so as to enable the appellate court to readily appreciate and understand the error complained of and to enable the opposing counsel to know what points are relied upon and what is urged as error in the action of the trial court. In *Miller* v. *Loo*, 43 Haw. 76, 80, this court, in referring to Rule 3 (b) (3) concluded that "in considering [that] appeal, we may confine ourselves to the points set forth in or necessarily suggested by the foregoing questions." And *cf., Lalakea* v. *Baker*, 43 Haw. 321.

It is elementary that all errors of the trial court which are not properly specified in the brief are deemed to have been abandoned or waived and consequently outside the scope of appellate review and will not be considered on appeal. 5 C.J.S., *Appeal & Error*, § 1322; 5 Am. Jur. 2d, *Appeal and Error*, §§ 654, 693. An appeal from a portion of a judgment is allowable and brings up for review only the part thereof so designated in the specifications of error. *Glassco* v. *El Sereno Country Club, Inc.*, 217 Cal. 90, 17 P.2d 703; *St. Louis, I. M. & S. Ry.* v. *Craft*, 115 Ark. 483, 171 S.W. 1185; *Riss & Co.* v. *Wallace*, 350 Mo. 1208, 171 S.W.2d 641. This being so, the proper specification of errors requires the separate listing of the particular rulings of the trial court claimed to be erroneous. *Barnett* v. *United States*, 82 F.2d 765 (9th Cir. 1936). The court in

*Cross* v. *Campbell,* 173 Or. 477, 146 P.2d 83, while permitting, for the sake of conciseness, the inclusion of all rulings resulting from the application of a single principle of law within a single assignment of error where all are susceptible to like treatment, still would not relieve the appellant of his duty to state separately each and every ruling which he claimed to be erroneous.

In the instant case it is clear that the trial court made several rulings resulting in its final judgment. First, it denied defendant's motion to dismiss the bill for reformation and granted the prayer for reformation and then went on to deny the defendant's counterclaim. The basis for each ruling was the same theory of law, namely that reformation of the public lease in question was permissible. However, from the specification of error relied on none of the three rulings of the court below which formed the basis of the judgment appealed from were separately and particularly referred to. The briefs shaped the issues and in the absence of objection this court in its decision considered only the denial of the motion to dismiss the bill for reformation and the granting of the prayer of the bill as "necessarily suggested" by the error of law in "permitting reformation" posed by the specification and question involved. It is difficult to see where the ruling denying the counterclaim, not being an incidental issue, could be "necessarily suggested." *Cf., You Goo Ho* v. *Ing,* 43 Haw. 330. The language used, namely that "the court below erred as a matter of law in permitting reformation" would seem to lead to the inescapable conclusion that defendant was taking exception only to the lower court's denial of the motion to dismiss and its granting of the prayer of the bill for reformation.

Even were it possible to consider the lower court's ruling in denying the counterclaim as properly specified in that it was "necessarily suggested" by the question in-

volved under the specification of error considered, it was nevertheless waived since it was neither urged nor argued in the briefs or upon oral argument. *Godfrey* v. *Kidwell,* 15 Haw. 526; *Kavanaugh* v. *Johnson,* 290 Mass. 587, 195 N.E. 797. As Dean Pound so aptly states at page 200 in *Appellate Procedure in Civil Cases:*

"Errors assigned not urged or argued in the brief or oral argument were held waived. This was universal. It takes three columns of the Century Digest to set forth the cases in which it was repeatedly so decided * * *. * * * The several errors had to be argued separately or in groups which *asserted each specifically* even if it was to be argued as one of a group raising the same questions of law." (Emphasis added.)

In *Kavanaugh* v. *Johnson, supra,* under a similar factual situation, an alleged error in dismissing the counterclaim was held to have been waived as not having been argued in the briefs.

Questions not advanced on the original hearing will not be considered on a petition for rehearing, except under unusual circumstances, or where fundamental or jurisdictional error is involved. *Honolulu Iron Works* v. *Bigelow,* 33 Haw. 632. This is true where the question had not been assigned as error, *Dillingham* v. *Scott,* 20 Haw. 55, as well as where the question had not been previously argued, *Godfrey* v. *Kidwell, supra,* 15 Haw. 526. The failure to consider matters not advanced at the original hearing is not a ground for rehearing.

We can only conclude that the scope of appeal here was limited to a consideration only of those rulings of the court below "necessarily suggested" by the question involved under the specification of error considered, namely the denial of the motion to dismiss the bill for reformation and the granting of the prayer of the bill. But even if the lower court's ruling denying the counter-

claim could be considered as being within the scope of the appeal, consideration of that question was waived by the failure to urge and argue the same.

The decision of July 1, 1963, is affirmed and the request for amendment of the remand to include further proceedings on the counterclaim is denied.

*Frank D. Padgett* (*Robertson, Castle & Anthony* with him on the briefs) for defendant-appellant.

*Bert Kobayashi,* Attorney General, and *Andrew S. O. Lee,* Deputy Attorney General (*Shiro Kashiwa,* Attorney General, *Andrew S. O. Lee,* Deputy Attorney General, and *Morio Omori,* Special Deputy Attorney General, on the brief) for plaintiff-appellee.