## LOUIS DEPONTE, SR. *v.* ULUPALAKUA RANCH, LIMITED.

## No. 4357.

November 23, 1964.

Tsukiyama, C.J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

*Per Curiam.* On August 31, 1964, plaintiff-appellee filed a petition for rehearing, asserting that the court erred "in holding that the motion for judgment notwithstanding the verdict should have been granted because the motion for directed verdict did not specify the grounds thereof, and the motion for judgment notwithstanding the verdict must stand or fall with the motion for directed verdict." On September 2, 1964, the court requested a reply from defendant-appellant under our Rule 5(b).

We note preliminarily that plaintiff-appellee's above quoted assertion is an incorrect paraphrase couched in language which is susceptible of misconstruction. What the court did say in its opinion was: "The defendant, at the close of the evidence, moved for a directed verdict. Since defendant was entitled to such a verdict, the [trial] court erred in denying defendant's motion for judgment notwithstanding the verdict returned by the jury in the plaintiff's favor."

After careful consideration of the petition and the reply filed September 28, 1964, we find the petition insufficient to support a grant of rehearing.

The record shows that the following occurred when defendant-appellant moved for a directed verdict:

"[Counsel for defendant-appellant]: Just as a matter of procedure I would like to make a matter of record my motion for a directed verdict for the reasons given in chambers.

"The Court: Your motion for a directed verdict will be denied."

Although the record does not disclose what reasons had been given in support of the motion in chambers, the foregoing statement of counsel to the trial court does indicate that reasons had been given. There is no objection in the record by counsel for plaintiff-appellee that specific reasons were not given by defendant-appellant in support of its motion for a directed verdict. When a specific ground is not given in support of the motion for a directed verdict, "an adverse party who does not object at trial to his opponent's failure to state a specific grounds [*sic*] for a motion for a directed verdict will not be heard to complain of this lack of specificity on appeal." *Cf., Cox* v. *City of Freeman, Missouri,* 321 F.2d 887, 891. See also *Quint* v. *Kallaos,* 161 F.2d 605; 2B Barron & Holtzoff, *Federal Practice & Procedure,* § 1073, n.12.

After verdict for plaintiff-appellee, defendant-appellant filed its motion for judgment notwithstanding the verdict. One of the specific grounds in support of its motion was that "the evidence showed conclusively that the defendant had acquired title to the land in question by adverse possession." There was no objection to this motion by plaintiff-appellee on the basis that no grounds had been specified in support of the previous motion for directed verdict at the close of the trial. It may be assumed from this failure to object at this point in the proceedings below that defendant-appellant did give specific reasons in support of its motion for a directed verdict at the close of the trial.

Although defendant-appellant in its Specification of

Error No. 2 stated, "The trial court erred in denying defendant-appellant's motion for directed verdict and for judgment notwithstanding the verdict because the evidence showed that, as a matter of law, defendant-appellant had acquired title by adverse possession," plaintiff-appellee in his brief did not raise the procedural point under Rule 50(a) as an issue to be determined by this court, nor did he argue this procedural aspect during oral argument. As stated in *State* v. *Kahua Ranch, Ltd.,* 47 Haw. 466, 390 P.2d 737, argument on rehearing at page 471: "Questions not advanced on the original hearing will not be considered on a petition for rehearing, except under unusual circumstances, or where fundamental or jurisdictional error is involved. *Honolulu Iron Works* v. *Bigelow,* 33 Haw. 632. This is true where the question had not been assigned as error, *Dillingham* v. *Scott,* 20 Haw. 55, as well as where the question had not been previously argued, *Godfrey* v. *Kidwell, supra,* 15 Haw. 526. The failure to consider matters not advanced at the original hearing is not a ground for rehearing."

Other points raised in this petition have been considered and found to be without merit.

Petition denied.

*Frank D. Padgett (Robertson, Castle & Anthony)* for the petition.