## BERNARD & RAIMON *vs.* LOO NGAWK *et al.*

### TORT.   BEFORE JUDD, J.

### OCTOBER TERM, 1877.

In actions for injuries to persons, the jury may give vindictive damages; but in trespasses to property, unless special misconduct and aggravation appear, the measure of damages is actual compensation to the injured party.

A verdict for $1500, for damage caused by overflow from a dam, held to be excessive, and reduced to $1000.

### DECISION OF JUDD, J.

This is an action of Tort, in which damages are claimed of defendants for their causing plaintiffs' garden to be overflowed with water backed up by defendants' dam.  The jury returned a verdict of $1500, the full amount claimed, which the Court is asked to set aside as being excessive.

I recognize a distinction between actions for injuries to persons and those for injuries to property.  In the former class of cases, if circumstances of aggravation exist, there is no fixed rule of compensation, and the jury are authorized to give vindictive damages.  Courts are loth to disturb such verdicts.

In trespasses to property, however, unless special misconduct or aggravation appear, there is a fixed standard by which the damages can be computed, which is actual compensation to the party injured.

The Court in this case charged the jury that this was the principle on which their verdict should be based, and this was not excepted to by the defendants' counsel.  They cannot, therefore, now claim, in order to justify this verdict, that this case came in a class between those in which vindictive damages can be claimed, and those where no evil motive is complained of.  Exemplary or vindictive damages were not claimed by the plaintiffs.

Actual compensation for the loss and injury sustained was all they asked for, and this alone could they recover.

The jury had very little exact testimony before them; but the evidence of Mr. Peirce was, that in his opinion the value of the place was diminished one-half by reason of this injury. Colonel Jones testifies that he thought it would cost $2000 to bring such a garden into existence in the condition that it was before the flooding took place.

To apply the rule of compensation to this, the portion of the testimony most favorable to the plaintiffs, the jury would not be authorized to find a verdict for more than $1000.

The area submerged bore a small proportion to the rest of the garden, much less than one half. The plaintiff Raimon says that it cost him $1000, spent in driblets, to prepare, plant and cultivate the whole garden.

I am aware that the jury were allowed to consider what the injury, in addition to the value of trees, etc., destroyed, was to the residence of the plaintiffs by reason of the swampy and miasmatic condition of the garden induced by the overflow, but it seems to me that this was all considered and summed up by Mr. Peirce when he testified that "the value of the place was diminished one-half."

A verdict for $1000 could have been sustained on the evidence, though in my opinion a lesser sum than this would have compensated the plaintiffs fully; any sum over this is clearly excessive.

If the plaintiffs elect to reduce the verdict to $1000, they may have judgment for that amount—they to make their election not later than twenty days before the next term and notify the clerk of the same. Otherwise a new trial will be ordered.

*A. S. Hartwell,* for the plaintiffs.

*E. Preston & C. Brown,* for defendants.

Honolulu, November 1, 1877.