*J. A. Magoon* and *R. D. Silliman* for plaintiff.

*G. A. Davis* for defendant.

---

## KAUPENA KAIMANA (w) *v.* J. H. KAMAUNU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 23, 1898.      DECIDED APRIL 13, 1899.

JUDD, C.J., WHITING, J., AND CECIL BROWN, ESQ., OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

On the ground of excessive damages a new trial is granted, and, under the special phases of the case, the new trial is not restricted to the issue of the quantum of damages.

### OPINION OF THE COURT BY WHITING, J.

This is an action for malicious prosecution. The jury rendered a verdict for the plaintiff for $2,000; defendant's motion for a new trial was granted by the trial judge on the ground of excessive damages, and the new trial was limited to the sole issue of the quantum of damages. Both parties come to this court on bills of exceptions. The plaintiff claims that the trial

court erred in granting a new trial, and the defendant claims
that a new trial should have been ordered without any limita-
tions as to the issues.

The decision of the circuit judge, W. L. Stanley, on the de-
fendant's motion for a new trial on this ground, is as follows:

"The general rule as to setting aside verdicts upon the ground
of excessive damages I believe to be that in cases of tort the
verdict will not be disturbed unless it is so excessive or out-
rageous with reference to all the circumstances of the case, as
to demonstrate that the jury have acted against the rules of
law, or have suffered their passions, their prejudice or their per-
verse disregard of justice to mislead them. The court in setting
aside a verdict for excessive damages, should clearly see that
they are excessive; that there has been a gross error; that there
has been a mistake of the principles upon which the damages
have been estimated, or some improper motives, or feelings, or
bias which has influenced the jury.

See Sedgwick on Measure of Damages, p. 601. Also Wood's
Mayne on Damages, p. 746. 5 Am. & Eng. Encycl. of Law,
p. 54. 16 Am. & Eng. Encycl. of Law, p. 585. The doctrine
has been so repeatedly recognized and enunciated in numerous
decisions in our own courts that I take it to be the law of this
country. See *Whittit v. Miller*, 1 Haw. 142; *Coney v. Dow-
sett*, 3 Haw. 740; *Bernard & another v. Loo Ngawk*, 6 Haw.
214; *Alau v. Everett*, 7 Haw. 82; *Ayers v. Mahuka*, 9 Haw.
380; *Marccil v. Freitas, ib.* 396; *Iaukea v. Cummings, ib.* 559;
and further see Section 1128 Comp. Laws (p. 328).

Whenever, however, it appears that the damages are clearly
too large or are excessive it is clearly acknowledged that it is
within the power of the court and it is its duty to award a new
trial. In determining the question whether the damages were
or were not excessive, regard must be had to the circumstances
of the case.

The declaration states that on the 1st day of July, 1897, the
defendant, J. H. Kamaunu, signed and swore to a warrant
for the arrest of the plaintiff upon the charge of "lapaau ma ke
ano hoomanamana" at Kohala, Hawaii, in the month of March,
1897, and caused the same to be issued by R. H. Atkins, Dis-
trict Magistrate of Kohala; that the plaintiff was arrested and
imprisoned upon the warrant for a period of twenty-four hours;
that on the 2d day of July, 1897, she was prosecuted before the

said District Magistrate by C. H. Pulaa, Deputy Sheriff, of the district, a co-defendant, and J. K. Nahale, and upon the close of the evidence the charge was dismissed.

Upon the trial of the case, it appearing that the defendant C. H. Pulaa, took no part in the prosecution of the charge against the plaintiff, upon motion of defendant's counsel a non-suit was entered and the case proceeded against Kamaunu, the remaining defendant.

It appeared in evidence that a woman named Naheana (w) having met with an accident, Dr. Bond, the Government physician for the district, at first attended her, but finding his treatment of no avail, the woman refused his services, and, until the plaintiff interposed, was without attention of any sort. The plaintiff appears to have attended her assiduously, but finally the woman died. The charge of hoomanamana entered against the plaintiff was instituted on the theory that the defendant employed unlawful means to effect the cure of the woman, and in fact was guilty of sorcery and played the part of a kahuna towards her. On the evidence adduced I feel satisfied (as did Judge Atkins who tried the case), that there was not a particle of evidence against her to substantiate the charge. The plaintiff is the wife of a native pastor, and she appears to have acted towards the deceased woman as a Christian lady should; she dressed her wounds and ministered to her temporal and spiritual wants in the spirit of charity and in no other. Evidence of acts of sorcery or of healing by hoomanamana there were none, but as a substitute therefor it was attempted by the defense to establish the fact that she had the reputation of being a kahuna, but the evidence produced was of the weakest character. The nature of it may be judged from the fact that the witnesses almost without exception dated this reputation from a period some five years back (1893) when it was also admitted that at that period there had been a serious split in religious circles in Kohala, the husband of the plaintiff espousing the royalist side, and becoming pastor of those of the congregation who held the same political views. The same witnesses when cross-examined as to her reputation almost invariably replied that she had the reputation of visiting the sick and reading the Bible to them. And this appears to me to be the extent of her reputation as a kahuna. I have dwelt at length upon this phase of the case as I feel that the jury were fully justified in returning a verdict for the plaintiff, especially when it appeared that

Kamaunu, the defendant, in signing and swearing to the warrant acted almost exclusively upon the orders of a superior officer and without any knowledge of facts within his own breast which would constitute probable cause for his action.

It being my opinion that the plaintiff was entitled to some damages at the hands of the jury, were the damages awarded excessive ? The plaintiff, as I have above remarked, is the wife of a native pastor who prior to the Revolution of 1893 was a school teacher, and is now a cane planter; she appeared to be a woman of great respectability—I refer to this because I recognize that in assessing damages regard should be had to the station in life of the party injured. She was arrested at or about 7:30 p. m., on July 1st and was confined in the gaol at Kohala until 10 a. m., of the next morning when the charge against her was presented in the district court. No indignities other than the confinement were offered to her; there were no aggravating circumstances connected with her arrest, except that the arrest was procured on little, if any, foundation. There was no evidence offered of any pecuniary damages, or of any expense incurred by the plaintiff in procuring the discharge from imprisonment, and it is in evidence that at the time of the arrest that she was informed that bail would be accepted in the sum of $200. She was, as the court charged the jury, entitled to compensation in damages for the disgrace, humiliation and shame of being arrested and confined. It was attempted to show that ill will existed between the plaintiff and defendant, and that the defendant, in acting as he did proceeded maliciously against the plaintiff. They held opposite political views and this fact may have affected and probably did affect their relations, but on the evidence I am inclined to believe that the defendant acted ignorantly on the orders of J. K. Nahale; that he considered it his duty to obey and that his position on the police force depended upon his obedience. There is no evidence that he was active in instituting the charge against the plaintiff, in fact the evidence shows that he took no part in it before swearing to the warrant; it also appears that he demurred at first to swearing to it. The public and in this case the plaintiff should be protected from reckless conduct such as the defendant was guilty of, but I do not consider that the present case calls for punitive or exemplary damages. Regard must in assessing the damages be had to the pecuniary ability of the defendant; for aught that appears to the contrary the defendant is only a common police-

man, and no showing was made of his pecuniary ability. While recognizing the general rule to be that courts should be slow to set aside the verdict of a jury in cases of tort on the ground of excessive damages, I consider that this is a case in which the court should set the verdict aside. I consider the damages assessed excessive and that they were not assessed on the principle of compensation to the plaintiff, and I can account for the verdict in the sum of $2,000 on no other theory than that the jury were influenced by prejudice against the defendant or partiality for the plaintiff.

I therefore grant the defendant's motion and order a new trial on the sole issue of the *quantum of damages.*"

The trial judge had good and substantial reasons for granting a new trial on the ground of excessive damages, and we are of opinion that he has not abused his discretion in that respect. As we said in *Macfarlane v. Lowell,* 9 Haw. 438, "the trial judge is in a much better position than we are to say whether the verdict is in accordance with substantial justice between the parties, for he hears testimony of the witnesses and the arguments of counsel, and observes the whole course of the trial. An appellate court is more reluctant to interfere with the exercise of the discretion of the trial court where, as in this case, a new trial has been granted than where it has been refused."

But we differ from the decision of the trial judge in limiting the new trial to the sole issue of the question of damages. We have examined carefully into the case, as presented to us, and although we do not lay down a rule of law to govern such cases, yet we are of opinion that the special phases of this case, considering that a new trial is to be had, require that such new trial be had without restricting the issues.

A new trial is ordered.

*C. Creighton* for plaintiff.

*E. P. Dole, Kinney, Ballou & McClanahan* for defendant.