F. E. DAVIS & COMPANY, LIMITED, PLAINTIFF AND PLAINTIFF IN ERROR, *v.* ILLINOIS-PACIFIC GLASS COMPANY, A CORPORATION, DEFENDANT AND DEFENDANT IN ERROR, AND HONOLULU BREWING AND MALTING COMPANY, LIMITED, A CORPORATION, ET AL., GARNISHEES.

MOTION TO DISMISS.

ARGUED OCTOBER 19, 1914. · DECIDED NOVEMBER 14, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*costs—security for.*

A writ of error does not lie to an order of a circuit judge at chambers requiring security for costs in a term case then pending in the circuit court and staying proceedings in the principal action pending a compliance with such order.

OPINION OF THE COURT BY WATSON, J.

Assumpsit in the circuit court of the first circuit brought by the plaintiff in error against the defendant in error. Subsequently the defendant moved for and obtained from the circuit judge at chambers an order requiring the plaintiff to give security for costs of court to accrue in said cause to the final determination thereof, and that all further proceedings be stayed until said bond and security have been given. From that order this writ of error is prosecuted. The defendant moves to dismiss the writ of error for the reason, among others, that no final judgment has been entered in the above entitled cause and the order complained of is not such a final order as may be reviewed on writ of error. Authority to require security for costs is to be found in section 1648 of the Revised Laws, as follows: "Sec. 1648. Circuit judges at chambers. The judges of the several circuit courts shall have power at chambers within their respective jurisdictions, but subject to appeal to the circuit and supreme courts, according to law, as follows: * * * Tenth. To require either the plaintiff or defendant, upon the application of the opposite party, to give security for costs in any civil cause, upon such terms and conditions as the judge shall deem just." There is no contention that the circuit judge at chambers was without jurisdiction to make the order, in which event, under the authority of *Territory* v. *Cotton Bros.*, 17 Haw. 374, the order might be deemed a final one for the purpose of review by writ of error. Indeed, it is impliedly conceded that such jurisdiction existed, as counsel for plaintiff, in opposition to the motion to dismiss, argues that the order requiring plaintiff to give security for costs and staying proceedings pending the compliance with the order was an ancillary or interlocutory proceeding before the circuit judge at chambers and that such order is a final determination of such ancillary or collateral proceeding, to review which a writ of error will lie.

We agree with so much of plaintiff's contention as relates to the nature of the proceeding, that is, that it was ancillary or

incidental to the principal action,—the term case then pending
in the circuit court. *Western Nat. Bank* v. *Peacock,* 18 Haw.
161; *Volcano Stables & Transportation Co.* v. *Ferry,* ante
p. 229. It is well settled in this jurisdiction that the term "writ
of error," as used in our statute authorizing the suing out of
same (R. L. Sec. 1869), is to be taken in its common law ac-
ceptation and that final judgment must have been entered in
the cause before the writ will lie. *Territory* v. *Cotton Bros.,*
supra; *Kaehu* v. *Namealoha,* 20 Haw. 516. Was the order of
the circuit judge requiring plaintiff to furnish security for
costs and staying proceedings in the cause pending a compliance
with the order final? We think not. It was merely interlocu-
tory. It did not determine the controversy between the par-
ties. There remain questions of fact unsettled. *Gear* v. *Henry,*
21 Haw. 55. "No judgment is final which does not terminate
the litigation between the parties to the suit." *St. Clair Co.* v.
*Lovingston,* 18 Wall. 628. The cases cited by counsel for plain-
tiff on the point that a final decree, to be appealable, need not
decide all the issues, but may only be a final determination of
a collateral matter, are not in point, and no other cases are
drawn to our attention wherein a writ of error has been sus-
tained to review other than a final judgment, this being the
common law rule and the rule that obtains in this jurisdiction.
The order complained of makes no final disposition of the case
in the court below. Under its terms the action is neither dis-
missed nor finally stayed. The court below may rescind its
order at any time. It is only upon the idea that the whole mat-
ter is disposed of and ended in the court below that the writ of
error can be sustained. *Peet* v. *McGraw,* 21 Wend. 667. In
the case of *Livingston* v. *Dorgenois,* 7 Cranch 577, where the
court below had ordered that proceedings be finally stayed, the
supreme court of the United States said (p. 589), "It is ob-
jected that a writ of error does not lie in such a case. It may
be admitted that at common law this is not such a judgment as
will support a writ of error * * * but it is said not to be a

final sentence because the court below may rescind it at any time. A decree that a judgment shall be finally stayed is a final decree as much as a decree dismissing the bill." The court there held that a writ of error would not lie, but owing to the peculiar circumstances of the case, the writ of error having been dismissed, other relief was awarded. An order requiring security for costs is not such a final order or judgment as may be reviewed on writ of error. *Gesford* v. *Critzer,* 7 Ill. (2 Gilman) 698, 699. See also *Selby* v. *Hutchinson,* 9 Ill. (4 Gilman) 318, 319; *Knight* v. *Fisher,* 15 Colo. 176.

We are of the opinion that the order requiring security for costs and staying proceedings pending compliance therewith was interlocutory and we accordingly hold that such an order cannot be brought here immediately by writ of error. It is unnecessary for us to pass upon the question whether it could be brought here immediately on exceptions. "The statute in regard to exceptions is broader than that in regard to error." *Territory* v. *Cotton Bros.,* supra, 379.

The motion to quash or dismiss is granted and the writ is accordingly quashed.

*E. C. Peters* for plaintiff in error.

*A. L. Castle (Castle & Withington* on the brief) for defendant in error.