W. A. RAMSEY, LIMITED, AN HAWAIIAN COR-
PORATION, v. THE CITY AND COUNTY OF HONO-
LULU, A MUNICIPAL CORPORATION, ET AL.

No. 1676.

MOTION TO QUASH WRIT OF ERROR.

ARGUED JUNE 9, 1926.                    DECIDED JUNE 12, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE DESHA IN
PLACE OF BANKS, J., DISQUALIFIED.

APPEAL AND ERROR—*writ of error—decisions reviewable.*

A writ of error does not lie to review an order overruling a
demurrer to a bill in equity when the final decree is entirely in
favor of the applicant for the writ.

OPINION OF THE COURT BY PERRY, C. J.

The City and County of Honolulu, one of the respond-
ents, having awarded to the Honolulu Iron Works Com-
pany, Limited, another of the respondents, a contract to
furnish water meters, the complainant, a defeated bidder,
instituted this suit in equity praying for an injunction to
restrain the Honolulu Iron Works Company, Limited,
from performing the contract. A demurrer by the Hono-
lulu Iron Works to an amended bill of complaint was
overruled and the case went to trial upon the amended
bill and the answers of the respondents. Upon consider-
ation of all of the evidence adduced and the law appli-
cable thereto the court below entered a decree refusing an
injunction and dismissing the bill. The petitioner ap-
pealed from the final decree thus entered and that appeal
is now awaiting consideration by this court. The Hono-
lulu Iron Works sued out a writ of error assigning the
overruling of the demurrer as error and claiming no error
whatever in the final decree. The petitioner now moves

to dismiss the writ of error on the ground that under the circumstances no such writ lies. R. L. 1925, section 2521, provides that a writ of error may be issued "upon the application of any party deeming himself aggrieved by the judgment of a circuit court * * * or by the order or decree of a circuit judge at chambers, at any time before execution thereon is fully satisfied, within six months from the entry of such judgment, order or decree." The term, "writ of error," as used in this statute, "must be taken in its common law acceptation and is to be understood as being a proceeding aimed at final judgment in a case in which error is claimed to have been committed, for the purpose of bringing up the record in order that the error may be rectified." *Kaehu* v. *Namealoha,* 20 Haw. 516, 517. "On error the final judgment alone is brought up and specific rulings whether excepted to or not are considered only incidentally in passing upon the correctness of the final judgment." *Territory* v. *Cotton Bros.,* 17 Haw. 373, 379. "It is well settled in this jurisdiction that the term 'writ of error,' as used in our statute authorizing the suing out of same, * * * is to be taken in its common law acceptation and that final judgment must have been entered in the cause before the writ will lie." *Davis & Co.* v. *Illinois-Pacific Glass Co.,* 22 Haw. 303. Under this statute a writ of error does not lie to an order merely interlocutory, such as the overruling of a demurrer. The plaintiff in error in the case at bar is clearly not aggrieved by the final decree denying the injunction and dismissing the bill. The decree was wholly in its favor. Bills of exceptions are allowed from interlocutory judgments, orders and decrees, but only in the discretion of the trial judge and with the approval and consent of that judge. They are allowed purely in order to promote the "more speedy termination of litigation." R. L. 1925, sections 2509, 2515. In the present

instance no such purpose could be served, for the litigation has terminated with the entry of the final decree. It is sufficient, however, that the statute does not permit a writ of error in such a case as this.

The motion to dismiss the writ is granted.

*J. Lightfoot* for the motion.

*H. Edmondson* contra.

