INTER-ISLAND RESORTS, LTD. *v.* ELIZABETH K. AKAHANE, ET AL., AND COMMISSION OF LABOR AND INDUSTRIAL RELATIONS OF THE TERRITORY OF HAWAII.

No. 4148.

February 19, 1960.

Tsukiyama, C. J., Marumoto, Cassidy and Wirtz, JJ., and Circuit Judge Fairbanks in Place of Lewis, J., Disqualified.

OPINION OF THE COURT BY MARUMOTO, J.

The case involves claims for unemployment benefits filed by certain employees of Inter-Island Resorts, Ltd.,

under the Hawaii Employment Security Law. The Commissioner of Labor and Industrial Relations of the Territory of Hawaii, through its administrator, made the original determination, which allowed the claims and charged the amounts of the benefits against the employer's reserve account. The employer appealed from the determination, and the appeal was heard by a referee for the Bureau of Employment Security, who affirmed the determination by his decision of July 21, 1953, and further decision of October 6, 1953. The employer then filed with the circuit judge at chambers, Circuit Court of the Third Circuit, a petition for judicial review of the referee's decision. The commission was joined as a party respondent in the petition, as provided by statute. In his pre-trial order, the circuit judge set forth the following issues of law as the issues to be determined by him:

"1. Were Claimants eligible for unemployment compensation under Section 4230 (c), Revised Laws of Hawaii 1945?

"2. Were Claimants disqualified for unemployment compensation under Section 4231 (a), Revised Laws of Hawaii 1945?

"3. Were Claimants disqualified for unemployment compensation under Section 4231 (c), Revised Laws of Hawaii 1945?

"4. Were Claimants disqualified for unemployment compensation under Section 4231 (d), Revised Laws of Hawaii 1945?

"5. Should the benefits paid to Claimants be charged to the account of the Employer under Section 4250 (b), Revised Laws of Hawaii 1945, as amended, and under the general intent and purpose of the Hawaii Employment Security Law?"

The circuit judge ruled against the employer on the first three issues and for the employer on the fourth issue.

He did not rule on the fifth issue, presumably because that issue became moot by his ruling on the fourth issue. He filed a written decision in which he set forth his reasoning for his rulings, and thereafter entered a judgment, which, with the omission of preliminary recitals, read as follows:

"NOW, THEREFORE, in pursuance of the Court's Decision filed July 8, 1959, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

"(1) That the said Decision and Further Decision of the Referee be reversed and set aside;

"(2) That Individual Respondents herein are declared to be disqualified for unemployment insurance benefits under Section 4231 (d), Revised Laws of Hawaii 1945; and

"(3) That the above entitled cause be remanded to the Referee, Bureau of Employment Security, for further proceedings not inconsistent with the Decision of this Court."

Both the commission and the employer appealed to this court from the judgment.

Upon the docketing of the appeals, the commission filed its opening brief. It stated in the brief that there is only one question presented on its appeal, namely, "whether the Claimants are disqualified for unemployment compensation under Section 4231 (d), Revised Laws of Hawaii 1945."

The employer did not file its opening brief. But, in its answering brief, in addition to answering the commission's argument in the opening brief, it stated four additional questions, and set forth its arguments on those questions. The additional questions corresponded to the first, second, third and fifth issues set forth by the circuit judge in his pre-trial order. Presumably, the employer intended its answering brief to serve a dual purpose, that is, as its opening brief on its appeal and as its answering brief on the commission's appeal.

The commission filed its reply brief, but it confined the scope of its reply to meeting the employer's answer to the arguments in the opening brief.

After filing its reply brief, the commission filed a motion to strike portions of the answering brief and to dismiss the employer's appeal. The portions of the answering brief sought to be stricken are the four additional questions stated by the employer and its arguments thereon. We are asked at this time to rule on the motion.

The commission urges that the mentioned portions of the answering brief be stricken on the ground that the additional questions are not properly before this court. It contends that the circuit judge adjudged that the claimants were disqualified for unemployment benefits under *R.L.H. 1945, § 4231 (d)*, and that he neither affirmed nor reversed any other portion of the referee's decision nor did he adjudicate any other issue.

The contention is without merit as applied to the first three questions stated in the opening brief, which corresponds to the first three issues set forth in the pre-trial order. It is based on an erroneous premise that the court's reasons for its action is an integral part of a judgment.

A judgment is the final action of a court, which disposes of the matter before it. *In re Forstner Chain Corp.,* 177 F. 2d 572, 576. The court's reasons for its action do not constitute a part of its judgment. 30A Am. Jur., *Judgments,* § 15; 49 C.J.S., *Judgments,* § 22. If any matter which does not properly belong in a judgment is incorporated therein, such incorporation will not render the judgment invalid, but the improper matter will be disregarded as surplusage. 49 C.J.S., *Judgments,* § 84.

The judgment in this case consists of three parts. The first part reading, "That the said Decision and Further Decision of the Referee be reversed and set aside," states the only essential matter in the judgment, namely, the cir-

cuit judge's disposition of the matter as to which judicial review was sought.

The second part reading, "That Individual Respondents herein are declared to be disqualified for unemployment insurance benefits under Section 4231 (d), Revised Laws of Hawaii 1945," has a dual meaning, first, that the claimants were disqualified for unemployment benefits, and, second, that the disqualification existed by reason of R.L.H. 1945, § 4231 (d). If this part conveyed only the first meaning, it merely set forth the legal consequence of the judge's action in reversing the referee's decision, and was therefore harmless, though superfluous. But it conveyed the second meaning, and misled the commission into thinking that the judge's reason for his action was a part of the judgment. In this respect, the inclusion of part two in the judgment was harmful. It led to the filing of an unnecessary motion by the commission and, as will be noted later, the filing of an unnecessary appeal by the employer.

The third part, reading, "That the above entitled cause be remanded to the Referee, Bureau of Employment Security, for further proceedings not inconsistent with the Decision of this Court," is also unnecessary, as well as misleading. It implies that there are further proceedings before the referee. In fact, there is none. Whether the judgment in this case is affirmed or reversed, a mandate will issue from the circuit judge to the referee, and the sole function of the referee in connection with the mandate will be to enter an order in accordance therewith, as provided in R.L.H. 1955, § 93-40.

The judgment in this case would have been good if it merely stated: "The decision of the Referee, Bureau of Employment Security, is reversed." On the instant appeals, we treat the judgment as though it contained only those necessary words, and regard all unnecessary matters as surplusage. If the judgment is so treated, the question presented to this court is not the narrow one of the claim-

ants' disqualification for unemployment benefits under R.L.H. 1945, § 4231 (d), but the broader one of their ineligibility or disqualification for any of the reasons within the issues set forth in the pre-trial order. In the consideration of such broader question, the first three questions stated in the answering brief are pertinent because they raise the issues of the claimants' ineligibility or disqualification under R.L.H. 1945, §§ 4230 (c), 4231 (a) and 4231 (c). Thus, those questions and the arguments thereon are proper subjects for presentation in the answering brief.

The remaining additional question, the fifth question stated in the answering brief, corresponding to the fifth issue in the pre-trial order, is whether the amounts of the benefits paid to the claimants are proper charges against the employer's reserve account. That question is not pertinent to the determination of the claimants' ineligibility or disqualification for unemployment benefits. It will not have to be resolved unless this court reverses the judgment appealed from. It was before the circuit judge but the judge did not act thereon because the reversal of the referee's decision operated as a disallowance of the claims and made it moot. If this court should reverse the judgment, then the question will become pertinent and must be resolved. In that event, we think that it should be resolved in the first instance by the circuit judge and not by this court because this court is a court of appellate jurisdiction. The proper procedure then will be for this court to remand the case to the circuit judge for such purpose. Thus, the presentation of the question to this court at this time is premature, and we will not require the commission to reply to the employer's arguments thereon. However, we will not strike the question, but will permit it to be left in the answering brief to serve as a caveat that in case this court should reverse the judgment, the mandate to the circuit judge shall include a direction to act upon it.

The commission seeks the dismissal of the employer's appeal on the ground that the employer failed to file its opening brief within the time specified in the rules of this court. Under the rules, dismissal on such ground is within the court's discretion. We need not exercise our discretion here because the appeal may be dismissed on another ground. Just as the commission was misled by the form of the judgment into filing its motion, so was the employer misled by it into filing its appeal. The action of the circuit judge was entirely in favor of the employer. However, lest the statement of the judge's reasons for his action in the judgment might preclude it from supporting the judgment for other reasons unless it took an appeal, the employer appealed solely for the purpose of preserving its right to do so. Appeal may not be taken for such purpose. It is available only to a party aggrieved by the judgment.

On the commission's motion, we rule as follows:

1. The motion to strike questions numbered 1, 2 and 3, in the employer's answering brief, and all other portions of the brief relating or pertinent to such questions, is denied, and the commission shall file a reply to the employer's arguments on such questions within 15 days from the date of this ruling.

2. The motion to strike question numbered 5 in the employer's answering brief, and all other portions of the brief relating or pertinent to such question is denied, but the commission is not required to file a reply to the employer's arguments on such question.

3. The motion to dismiss the employer's appeal is granted.

*Toshimi Sodetani,* Deputy Attorney General, for Commission of Labor and Industrial Relations of the State of Hawaii, for the motion.

*H. William Burgess (Carlsmith, Carlsmith, Wichman & Case)* for petitioner, contra.