NANA L. COZINE *v.* HAWAIIAN CATAMARAN, LTD.

No. 4463.

MAY 25, 1966.

CASSIDY,* WIRTZ, LEWIS AND MIZUHA, JJ.,
AND CIRCUIT JUDGE DOI ASSIGNED
BY REASON OF VACANCY.

*Per Curiam.* Plaintiff-appellee filed a petition for rehearing, asserting that the court erred (1) in holding that denial of the right to cross-examine on the subject of plaintiff's affidavit constituted an abuse of discretion, and (2) in viewing Dr. Silver's testimony on cross-examination as having disclosed that the witness had not confined himself to the hypothetical question put to him on direct in answering it. We have carefully considered these matters and find that the petition presents nothing that calls for a rehearing thereon.

Plaintiff further contends that, should the court adhere to the conclusion that there was error requiring a remand for new trial, the new trial should be limited to the question of damages. On this point a reply by defendant-appellant was requested and has been received.

The power to limit the new trial to the question of damages of course exists, but whether we should do so rests in our judicial discretion. *Cf., Izumi* v. *Park,* 44 Haw. 123, 133, 351 P.2d 1083, 1088; *Kaimana* v. *Kamaunu,* 11 Haw. 767, 771; *Hansen* v. *Bledsoe,* 130 Cal. App. 2d 70, 278 P.2d 514; 6 Moore, *Federal Practice,* § 59.06, at 3766-67 (2d ed.). In this case, taking into consideration the

---

* Acting chief justice when this case was decided.

matter of the surprise witness,[1] and the limitations placed on defendant in the matter of plaintiff's pre-trial affidavit,[2] we decline to limit the issues at the new trial to the damages only.

Defendant-appellant also has petitioned for a rehearing. Though the court reversed the judgment for plaintiff and remanded for a new trial, defendant contends that a rehearing is called for by R.L.H. 1955, § 214-12, relating to points not raised or argued; that "no question as to the status of defendant as a common or private carrier was presented for review, briefed or argued"; that the mere fact of an equipment failure was not sufficient to take the case to the jury if defendant was not a common carrier; that the court found that the defendant was a private carrier and plaintiff acquiesced therein; that this became the law of the case; that in any event "the trial court was fully warranted in inferring that defendant was a private carrier, rather than a common carrier"; and that the court erred in overruling defendant's motion to dismiss, made

---

[1] This was reviewed in the opinion under the heading "Testimony of Defendant's Former Employee, Plaintiff's Witness."

[2] Plaintiff contends that the matter of the pre-trial affidavit relates solely to damages. As we stated in our opinion, personal falsification by a party is subject to the inference that the party is conscious that his case is weak or unfounded. If such falsification is found, it weighs against the merits of the party's case. It is true that we presently are considering the verdict from the standpoint of defendant's liability. Plaintiff has no personal knowledge as to what caused the mast to fall. But there is another side to this problem. Not to be overlooked is the sympathy which is evoked in a jury by evidence as to a plaintiff's injuries and suffering. It is only practical to recognize that the effect thereof may spill over into the liability area. Cf., Moss v. Associated Transp., Inc., 344 F.2d 23, 25-6 (6th Cir.). Where there is anything that smacks of misconduct in connection with the evidence as to plaintiff's injuries and suffering, the court surely has discretion to prevent plaintiff from taking advantage of it by retaining intact the verdict of liability, possibly evoked by the sympathy caused by such evidence. So, in Young v. Price, 48 Haw. 22, 395 P.2d 365, we remanded for a complete new trial though the errors went to the damages. Having found in the present case that the error made in regard to defendant's attempt to show misconduct on the part of plaintiff "had important bearing on the question of whether plaintiff was exaggerating the pain and suffering endured as a result of the accident," we take the same course here.

under H.R.C.P., Rule 41(b), which was the subject of Specification of Error No. 12. Defendant seeks a "reversal with instructions to dismiss, rather than reversal and remand for new trial."

Defendant merely made a motion to dismiss at the end of plaintiff's case. It is elementary that such a motion affords no foundation for a request for direction of judgment on appeal. *O'Malley* v. *Cover*, 221 F.2d 156 (8th Cir.). Defendant should have made a motion for directed verdict under H.R.C.P., Rule 50, at the close of all the evidence, followed after the verdict by a motion for judgment notwithstanding the verdict. 5 Moore, *Federal Practice*, § 50.11, at 2335-36 (2d ed.); *cf.*, *Deponte* v. *Ulupalakua Ranch, Ltd.*, 48 Haw. 149, 396 P.2d 826, *denying rehearing of* 48 Haw. 17, 395 P.2d 273.

Since defendant's petition could not lead to a different judgment, it is not to be regarded as a petition for rehearing. *Lalakea* v. *Laupahoehoe Sugar Co.*, 35 Haw. 349. It merely amounts to a suggestion that we amend our opinion. *Cf.*, *Marn* v. *Reynolds*, 44 Haw. 684, 361 P.2d 383, *denying rehearing of* 44 Haw. 655. Of concern are the directions contained in the opinion as to the trial of the case on remand.

We consider first what was said in the opinion as to the status of defendant as a common carrier and the status of plaintiff as a passenger for hire. We stated that: "Plaintiff rightly contends that the status of defendant as a common carrier has bearing." We so understood plaintiff's argument. She argued in her brief that: "If in fact defendant was engaged as a common carrier, it owed the highest degree of care," citing *Fuller* v. *Rapid Transit Co.*, 16 Haw. 1. She further argued that a charter on the particular occasion would make no difference, citing *Kaili* v. *Inter-Island Steam Nav. Co.*, 25 Haw. 777. Defendant, in its reply brief, dismissed the matter sum-

marily, submitting that it was a "belated contention" because the court below held otherwise and the plaintiff "failed to cross-appeal."[3]

Plaintiff also argued in her brief that while there was a dispute as to whether defendant was a common carrier, the reasoning expressed at 14 Am. Jur. 2d, *Carriers,* § 1154, at 566 should be applied in the present situation. Defendant's brief made no reply thereto.

On receipt of defendant's petition for rehearing we requested a reply, and learn therefrom that plaintiff contends as follows, *viz.,* that there was enough in the record to show that defendant was a common carrier; that the trial court ruled that it did not make any difference whether defendant was a private carrier or a public carrier; that in any event a private carrier of passengers for hire is under the same duty of care as a common carrier; and that from a procedural standpoint defendant's petition does not call for a rehearing. But we are left in doubt as to the posture of the case as originally presented. At this point, it is not clear whether defendant was justified in not arguing the matter of the relationship of the parties in the first place. At all events, defendant may have been misled by the fact that, on the argument, one member of the court asked for additional briefing on the status of a pleasure boat conducting cruises, but this request was cancelled after the argument.

Under the circumstances, at the new trial a fresh approach should be taken to the question of defendant's status as a common carrier and plaintiff's status as a passenger for hire, without prejudice from anything said

---

3 However, plaintiff could not have cross-appealed by reason of an erroneous ruling that could not lead to a more favorable judgment. *In re Application Kaimuki Land Co.,* 35 Haw. 254, 256-57. Only a party aggrieved by a judgment can appeal from it. *Inter-Island Resorts* v. *Akahane,* 44 Haw. 93, 99, 352 P.2d 856, 860, 46 Haw. 140, 144, 377 P.2d 715, 718; *W. A. Ramsey, Ltd.* v. *City and County,* 29 Haw. 242; *cf., Estate of Campbell,* 46 Haw. 475, 498, 382 P.2d 920, 941.

in our opinion. The mandate will so direct.

At the same time, it is to be noted that defendant's petition does not challenge the rules of law laid down in our opinion as being applicable if defendant was a common carrier and plaintiff was a passenger for hire.[4] It is defendant's contention that, if it was not a common carrier, "the mere fact of an equipment failure is not sufficient to take a case to the jury." We have not so held. We find no basis in the petition for expanding our opinion on this point.[5] If this question arises upon the new trial it will be open for decision on what, it is to be hoped, will be a more satisfactory record.

One point remains. Defendant contends that, in passing on the specifications having to do with the testimony of plaintiff's husband,[6] "the Court appears not to have considered the effect of a stipulation by counsel for the respective parties that objections would be 'reserved until the time of trial.'" This stipulation, it is contended, negatived the effect of H.R.C.P., Rule 32(c)(1) and (2), so as to permit objections at the trial on grounds which might have been obviated had the objection been made at the time of taking of the deposition.

The stipulation referred to was made by the Kansas

---

[4] As stated in *Godbold* v. *Manibog*, 36 Haw. 230, 231:

"The prohibition of section 3601, R.L.H. 1935 [now R.L.H. 1955, § 214-12], against the decision of points not argued by counsel should not be applied in the absence of an allegation that the point was erroneously decided or at least that the decision is against the weight of authority."

[5] Defendant cites *Sleezer* v. *Lang*, 170 Neb. 239, 102 N.W.2d 435, in which it was held that the breaking of a safety belt on the making of an emergency landing by a private carrier did not call for a charge that the safety belt was defective, the court reasoning that "a safety belt is not such a piece of equipment that the doctrine of res ipsa loquitur applies thereto in case it breaks." We fail to see wherein this seat belt case is applicable. Compare, *Furness, Withy & Co.* v. *Carter*, 281 F.2d 264, 266 (9th Cir.); *Radisich* v. *Franco-Italian Packing Co.*, 68 Cal. App.2d 825, 158 P.2d 435, 440.

[6] This was reviewed in the opinion under the heading "Testimony of Lay Witnesses."

attorneys at the time of taking of the deposition in Kansas, but was not read into the record here so as to be a stipulation "made in open court," nor was it "signed by the parties or their attorneys." See Rules of the Circuit Court of the First Circuit, Rule 18. We further note that at one point in the deposition defendant's attorney interposed several objections, indicating that the stipulation may not have been understood as having the effect now attributed to it. And if it was contemplated that the court would assume the burden of determining whether a lay witness, testifying to the physical condition of another, could have testified in better form and with fewer inferences had he been requested to do so, the question arises as to whether the court is obligated to assume that burden. However, no decision on these points is called for at this time, since the stipulation was not made a part of the record.

The petitions for rehearing are denied.

Mizuha, J., joins in the denial of the petitions for rehearing, but having concurred in the original judgment solely on the ground that restriction of cross-examination as to the truth of the statements made by plaintiff in her affidavit was prejudicial error, does not join the court in the reasons given for denying rehearing.

*Albert Gould* (*Cobb & Gould* of counsel) for plaintiff-petitioner.

*Tobias C. Tolzmann* and *C. Jepson Garland* (*Anderson, Wrenn & Jenks* of counsel) for defendant-petitioner.