LAWRENCE KOJIMA and OAHU ELECTRICAL CONTRACTORS, LTD., a Hawaii corporation, Plaintiffs-Appellees, *v.* HARRY A. UYEDA and MOLLY UYEDA, Defendants-Appellants

NO. 7053

MAY 8, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* After a bench trial, Defendants-Appellants Uyedas appealed the trial court's denial of their counterclaim. Plaintiffs-Appellees did not appeal the trial court's denial of their claim.

Plaintiff Lawrence Kojima (Kojima) is the president and sole shareholder of Plaintiff Oahu Electrical Contractors, Ltd. (Oahu). Defendant Harry A. Uyeda (Mr. Uyeda) was from 1970 to 1976 Oahu's secretary-treasurer and bookkeeper. Mrs. Uyeda assisted him but was not Oahu's employee.

On January 12, 1977, Kojima and Oahu sued Mr. and Mrs. Uyeda, alleging that the Uyedas (1) negligently, and (2) maliciously, gross negligently, and recklessly failed to pay certain union assessments and certain taxes owed by Oahu to Hawaii and United States. Kojima and Oahu prayed for reimbursement of all penalties and interest paid, legal and accounting fees, all interests on loans made to pay the penalties, taxes, and assessments, $10,000 in punitive damages, and $10,000 for intentionally inflicted emotional distress.

Mr. and Mrs. Uyeda counterclaimed, alleging that on two occasions Kojima and Oahu asked them to borrow money to pay Oahu's debts; that they borrowed $25,000 from Amfac Financial Corp. (AFC) on October 24, 1972, and $5,000 from American Security Bank (ASB) on July 18, 1975; that on both occasions they turned the loan proceeds over to Oahu; that Kojima and Oahu promised to pay for and to hold the Uyedas harmless from the loans; that Oahu paid the payments due on the loans up to June 1976; and that because Kojima and Oahu failed to pay the payment due, the Uyedas were required to pay off the loans. The Uyedas prayed for judgment in the amount of $28,200.03 plus costs, interest, and attorney's fees.

During the non-jury trial, Kojima and Oahu introduced evidence that Mr. Uyeda wrote checks on Oahu's accounts payable to himself. This evidence was not within the issues made by the pleadings but it was received without objection and, therefore, pursuant to Rule 15(b), Hawaii Rules of Civil Procedure (1954, as amended), the issue raised by this evidence must be treated as an additional issue in the case.

At the conclusion of the evidence, the trial court found, *inter alia,* that Mr. Uyeda negotiated loans with ASB and AFC "to procure the funds to make the loans to" Oahu; that Mr. Uyeda "failed to file and pay the State and Federal deposits and returns even though he had this responsibility as an employee of" Oahu; that as a result of Mr. Uyeda's "negligence," Kojima and Oahu had to borrow funds to pay taxes, penalties, and interest; and that Mrs. Uyeda was not in any way responsible for Mr. Uyeda's negligence.

The trial court legally concluded, *inter alia,* that Kojima and Oahu "failed to prove any negligence on the part of" Mrs. Uyeda; and that "the law generally does not permit an employer to recover damages from an employee for ordinary negligence by the employee in discharging his duties to the employer even when the

employee's negligence proximately causes pecuniary damage to the employer's business."

In consequence of its findings and conclusions, the court dismissed the complaint against Mrs. Uyeda and found in favor of Mr. Uyeda on the claim against him by Kojima and Oahu involving his failure to file and pay Oahu's taxes.

With respect to the Uyedas' counterclaim for reimbursement of amounts paid on the promissory notes and Kojima's and Oahu's claim for money which Mr. Uyeda paid to himself from Oahu's funds, the court stated:

4. The Court finds in favor of the Plaintiffs and against the Defendants HARRY UYEDA and MOLLY UYEDA in the matter of their counterclaim against the Plaintiffs for moneys loaned to Plaintiff OAHU. The Court finds that Plaintiff OAHU has a valid set off against the Defendants on the basis of loan payments made by the corporation on behalf of Defendants and on the basis that Defendant HARRY UYEDA wrote checks to himself without justification as bookkeeper of Plaintiff OAHU.

The trial court found that Mr. Uyeda borrowed money on his own credit to loan to Oahu; yet, it concluded that Oahu was not legally obligated to reimburse the Uyedas the amounts loaned and that the Uyedas owe Oahu for loan payments made by Oahu on the Uyedas' loans. Given the fact that Mr. (and Mrs.) Uyeda borrowed money on their own credit for Oahu, we do not know why Oahu is not required to reimburse the Uyedas the amounts they paid on the debts, nor do we know why Oahu has a set off for the amounts it paid on the loans which the Uyedas made for Oahu's benefit.

Beyond that, assuming Mr. Uyeda is liable to Oahu for amounts he paid to himself without justification from Oahu's accounts, we have no way of knowing how much he is liable for, nor do we know why that liability is being set off against Mrs. Uyeda's counterclaim.

We find the trial court's findings and conclusions to be so contradictory, ambiguous, and incomplete as to compel us to reverse the judgment and order a new trial with respect to (1) the Uyedas' claim against Kojima and Oahu for reimbursement of the loans they made to Oahu; and (2) Oahu's claim against the Uyedas for amounts Mr. Uyeda paid to himself without justification from Oahu's accounts.

The next question is whether Kojima and Oahu are entitled to a new trial on their claim that the Uyedas negligently or gross negli-

gently, maliciously, and recklessly failed to pay Oahu's taxes and union assessments.

The trial court specifically found that Mr. Uyeda was negligent and impliedly found that he was not grossly negligent, malicious, or reckless. However, it ruled that Kojima and Oahu could not maintain a cause of action against Mr. Uyeda for damages caused by his ordinary negligence in the course of employment.[1] We question (but do not decide) the trial court's statement of the law. *See Male v. Acme Markets, Inc.,* 110 N.J. Super. 9, 264 A.2d 245 (1970); *Fireman's Fund American Ins. Companies v. Turner,* 260 Or. 30, 488 P.2d 429 (1971); *Southern Ohio Bank v. Merrill Lynch, Pierce, F. & S., Inc.,* 479 F.2d 478 (6th Cir. 1973); *Security Insurance Company of Hartford v. Mato,* 13 Ill. App.3d 11, 298 N.E.2d 725 (1973).

Kojima and Oahu never questioned the trial court about its decisions on these issues; the findings of fact and conclusions of law were prepared by their counsel; they did not appeal the trial court's decision on these issues; and in their response to the Uyedas' appeal, they did not argue that if the Uyedas were successful, then the case should be remanded for trial on all issues rather than only the issues appealed by the Uyedas.

It is within our discretion to grant a new trial as to all or only some of the issues. 6A MOORE'S FEDERAL PRACTICE ¶ 59.07 at 59-92 (2d. ed. 1979); *Cozine v. Hawaiian Catamaran, Ltd.,* 49 Haw. 77, 412 P.2d 669, *reh. denied,* 49 Haw. 267, 414 P.2d 428 (1966); *Viveiros v. State,* 54 Haw. 611, 513 P.2d 487 (1973); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2814 (1973); *State Savings & Loan Association v. Kauaian Development Company, Inc.,* 62 Haw. 188, 613 P.2d 1315 (1980). Exercising that discretion and finding the issue to be sufficiently separate from the other issues in the case, we hold that there shall not be a new trial on the issue of the Uyedas' liability to Oahu and Kojima for failure to pay Oahu's taxes and union assessments.

Reversed and remanded for a new trial with respect to (1) the Uyedas' claim against Kojima and Oahu for reimbursement of the

---

[1] Prior to trial, the Uyedas moved for summary judgment asserting that an employer cannot recover from an employee for the employee's failure to file the employer's tax returns. The trial court denied the motion.

loans they made to Oahu; and (2) Oahu's claim against the Uyedas for amounts Mr. Uyeda paid to himself without justification from Oahu's accounts.

*Leon L. M. Chun* for defendants-appellants.
*Charles R. Kozak* for plaintiffs-appellees.