IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE "LUALEMAGA"

High Court of American Samoa
Appellate Division

AP No. 10-84

April 8, 1985

Before MURPHY, Associate Justice, Presiding, KING* and HEEN,** Acting Associate Justices, and TAIMANU, Associate Judge.

Counsel:   For appellant, Albert Mailo
           For appellee, Aviata Fa'alevao

MURPHY, J.

The court made findings and conceded that the title Lualemaga should be awarded to one of three claimants. A.S.C.A. section 1.0409 provides, inter alia, for determination of disputed claims by the high court. The statute provides that the court shall be guided by consideration of four factors. The statute, as amended in 1982, provides that the court shall issue a written decision that must contain findings and conclusions on each of the four issues.

This was done by the trial court. One of the findings (and conclusion, although they were not so designated) was that appellant "has not established to the satisfaction of the court that he has any blood relation to the title."

Appellant complains about the result on several grounds. First, he contends the finding was not supported by sufficient evidence. (He concedes that the testimony of the other claimants supports the court's findings.)

Second, he contends the court erred in dismissing appellant's claim on the above grounds, and third, he contends the court erred by failing to consider his other qualifications.

As to the evidentiary complaint, there is sufficient testimony in the record to support the court's finding, not only from the testimony of the other candidates (The other unsuccessful claimant did not join in this appeal.) but from the appellant's own testimony.

However, that finding is mere surplusage and need not have been made. The findings and conclusions to be made on the issues relate to the successful claimant. Negative findings are never required. Inter-Island Resorts, Ltd. v. Akahane (Hawaii 1960) 352 P.2d 856, 859. The trial court need make

49

only brief, definite, pertinent findings and conclusions upon contested matters. There is no necessity for over-elaboration of detail or particularization of facts. United States v. Forness (2d Cir. 1942) 125 F.2d 928, cert. denied 316 U.S. 694; see also Findings of Fact, 1 F.R.D. 25.

The court did not dismiss appellant's claim. At the conclusion of the evidentiary portion of the trial the presiding justice stated: "The court has now heard from the three candidates who have been examined and cross examined. The matter remaining would be the arguments of the counsel to the court on the merits of their respective candidates and the demerits of the others."

At no time up to final deliberation by the court was the appellant precluded from putting forth his claim. The court simply did not embrace his theory as to his hereditary connection with the title. The court made findings as to the prevailing claimant's claim to the title. The mere fact that the court compared the qualifications of the prevailing candidate with Fagasoaia Leasiolagi and not with appellant does not render the decision defective. The record discloses that appellant was given every opportunity to assert his claim. The judges considered the matter, employed the statutory guidelines and awarded the title to the claimant they found most qualified.

Appellant may be concerned that the dicta he complains of will affect future claims to the title asserted by him or his descendants. Not so. That finding, being surplusage, is ordered stricken. The decision of the trial court, as modified, is affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.